### JESSE EDGAR v. THE STATE.

#### No. 648. Decided June 1, 1910.

**Local Option—Jury and Jury Law—Challenge for Cause.**

Where, upon trial of a violation of the local option law, the court compelled the defendant to select a jury from a panel composed of six jurors who had theretofore sat in a case in many respects similar to the case on trial, and in which almost the sole defensive matter was the credibility of the State's chief witness, the same was reversible error. Following Holmes v. State, 52 Crim. Rep., 352.

Appeal from the County Court of Upshur. Tried below before the Hon. Albert Maberry.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and forty days confinement in the county jail.

The opinion states the case.

*Warren & Briggs,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal results from a conviction had in

the County Court of Upshur County on the 2d day of July, 1909, in which appellant was found guilty of selling intoxicating liquors in said county in violation of law, and his punishment assessed at a fine of $75 and forty days confinement in jail.

The testimony of the State was to the effect in substance that on or about the time named in the indictment appellant sold to one Frank Teefteller a pint of whisky in Upshur County. Numerous witnesses were introduced by the State, all of whom, without exception, testified that the reputation of Teefteller for truth and veracity was bad.

There are a number of questions raised on this appeal, some of which will not occur upon another trial, and others of which we think it unnecessary to notice. We think the case must be reversed for the following reason:

We think the court erred in compelling appellant to select a jury from a panel composed of six jurors who had theretofore sat in a case in many respects similar to this case in which almost the sole defensive matter was the credibility of Frank Teefteller. This matter appears in appellant's 16th bill of exception, where it is recited that the court erred in refusing the challenge by defendant of the jurors, D. E. Averett, W. M. Dunnigan, R. C. Harris and J. W. Marshall, Otis Phillips and A. E. Redfield, on the ground that they had sat as jurors in another case, to wit: the case of the State v. Lee Trinkle, in which case he was charged with the sale of intoxicating liquor to one Frank Teefteller, who is the same witness in this case and alleging that said jurors had heard the testimony of the said Frank Teefteller, and the testimony of the impeaching witness, and that they had already determined the issue of the credibility of the witness Frank Teefteller, and had an opinion formed on the issue of the credibility of said witness, which is set forth in paragraph No. V of said motion. And defendant in support of said paragraph V proved the following facts: "That the only witnesses for the State in the case against Lee Trinkle were Frank Teefteller and Joe Teefteller, and that the sale was alleged to have been made to Frank Teefteller. That the defendant introduced about fifteen witnesses whose testimony was upon the credibility of the witness Frank Teefteller, that in this case Frank Teefteller was the only witness to the sale, and the defendant introduced the same witnesses, and about two additional, as were introduced in the case against Lee Trinkle, on the credibility of the said witness and that the facts testified by the said witnesses affecting credibility of Frank Teefteller were practically the same in the trial of this case as in the case against said Lee Trinkle." In this connection the following facts appear: "Q. Did you not serve as a juror in case No. ——, wherein the State of Texas was plaintiff and Lee Trinkle defendant, at the present week of this court, in which case Lee Trinkle was charged with unlawfully selling intoxicating liquors to Frank Teef-

teller in violation of the local option law? A. Yes. Q. Did not said Frank Teefteller testify in said cause? A. Yes. Q. Is it not a fact that the principal defense in that case was an attack upon the credibility of the witness Frank Teefteller? A. Yes. Q. Did you not hear all the testimony and argument of counsel in said cause against Lee Trinkle? A. Yes. Q. Did you not find the said Trinkle guilty, and return a verdict of guilty? A. Yes. Q. In that case did you not determine the question of the credibility of the witness Frank Teefteller, and determine that he was a credible witness? A. Yes. Q. Now, in this case the defendant Jesse Edgar is charged with having sold to said Frank Teefteller intoxicating liquors on or about the 15th day of February, 1909, in violation of the local option law. The indictment shows that it was found on the testimony of Frank Teefteller. Now, the issue, or defense, will consist in part of an attack upon the credibility of the witness Frank Teefteller, and by the same witnesses as in the case against Lee Trinkle, and the record shows that the same witnesses have been summoned for the defense, as were used in said case against Lee Trinkle. Now, have you not already formed an opinion as to the credibility of the said witness? A. Yes. Q. Was not said opinion formed from hearing the evidence in the trial of the cause against Lee Trinkle, before mentioned? A. Yes. Q. If the evidence in this case is the same or substantially the same as in the trial of the case of Lee Trinkle, so far as it effects the credibility of the witness Frank Teefteller, then your mind is made up and your finding would be the same as to the credibility of said witness? A. If the evidence is the same, then my opinion and finding would be the same.

"Each of said jurors further testified that he had no opinion as to the guilt or innocence in this case, and could render a fair and impartial verdict, and give defendant a fair and impartial trial in this case, without regard to what he heard in the other trial mentioned, or the opinion he now has as to the credibility of the witness Frank Teefteller." We think, in view of the facts as preserved by the record, that the court should have retired at least the six men who had composed the jury in the Lee Trinkle case and that to have required appellant to have taken these men, of whom he could, under the law, challenge only three, was, as counsel claim in their brief, a denial of the right of a fair and impartial trial by jury. Holmes v. State, 52 Texas Crim. Rep., 352, 106 S. W., 1160. We are not to be understood as ruling adversely to appellant's contention on other matters presented in the record. They are, however, for the most part, such as will not arise on another trial and need not therefore be considered.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*