R. W. LONG v. THE STATE.

No. 8377.   Decided April 16, 1924.

Rehearing denied June 4, 1924.

1.—Possession of Intoxicating Liquor—Evidence—Conspiracy.

Where the State's witness testified that on the day of the arrest of appellant and his brother he had a conversation with the latter, in which he made the statement to the witness that he had a certain quantity of whisky outside of town and that his brother, the defendant, was out there with it, there was no reversible error inasmuch as this testimony was connected up with other facts to show a conspiracy existed at the time between the two brothers.

2.—Same—Evidence—Co-Conspirator.

Where it clearly appeared that the statements of the brother of defendant giving information to the officers as to where the whisky was located came within the rule relative to statements by co-conspirator pending the conspiracy and in furtherance thereof regardless of whether the other conspirator was present at the time, there is no reversible error. Following: Shaw v. State, 89 Texas Crim. Rep., 205.

3.—Same—Evidence—Statements of Third Party.

Where appellant contended in his brief that the testimony admitted by the chief State's witness was only in support of himself, that it was a hearsay statement, when no attack had been made upon him, etc., but it appeared from the record that this was not the purpose of the State in making the proof, and that this was not the objection made at the time by the defendant, there is no reversible error. Following: Brent, 95 Texas Crim. Rep., 14, and other cases.

4.—Same—Evidence—Information to Officers.

Where the officers acted upon information received from the principal State's witness, as to where the liquor was located, and found it at such place, there is no reversible error. Following: Huey v. State, 81 Texas Crim. Rep., 554, and other cases.

**5.—Same—Rehearing—Conspiracy.**

Where appellant in his motion for rehearing contended that the evidence was insufficient to show a conspiracy between the defendant and his brother, but the record shows that the law was not transgressed in receiving the statement of the brother against the defendant in pointing out where the liquor was located, there was no reversible error.

**6.—Same—Charge of Court—Conspiracy.**

Where the record did not show on appeal that the court below was requested to submit the issue of conspiracy, and in the absence of any complaint thereof, there is no reversible error.

Appeal from the District Court of Howard. Tried below before the Honorable W. P. Leslie.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*John B. Littler* and *B. W. Baker,* for appellant. On question of declarations of co-conspirator: Blain v. State, 26 S. W. Rep., 63; Hays v. State, 236 id., 464.

On question of giving information to officers: Willman v. State, 242 S. W. Rep., 746, and cases cited in opinion.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for the possession of intoxicating liquor for the purpose of sale with punishment of three years confinement in the penitentiary.

A. E. Blitch testified that between twelve and one o'clock on the day of the arrest of appellant and his brother H. O. Long he had a conversation with the latter in Big Springs in which H. O. Long said he had ten gallons of whisky out north of the Experiment Farm near town which he wanted to sell; that his (H. O. Long's) brother was out there with the whisky. Objection was interposed to this testimony on the ground that appellant (R. W. Long) was not present at the time of such conversation, and because no connection of appellant with H. O. Long in the matter had been shown. The bill is explained by the learned trial judge with the statement that the district attorney assured the court that in due time the development of the case would show a conspiracy between appellant and H. O. Long in possessing the whisky for the purpose of sale, and the court admitted such evidence as a declaration made by one conspirator while such conspiracy was pending and in furtherance of the same.

The testimony later developed that Blitch told H. O. Long that he (witness) would come out to where the whisky was located. Blitch

immediately informed the sheriff relative to the matter and the sheriff and one of his deputies proceeded to the place where they found ten gallons of whisky secreted in the brush. They discovered R. W. Long (appellant) leaving the place, he being about forty yards from where the whisky was found at the time he was seen by the officers. Appellant was then placed under arrest and the officers secreted themselves. In a short time H. O. Long and his nephew, a son of appellant, drove up in a car and turned out of the road at a point near where the whisky was concealed; H. O. Long was heard to express some impatience at the failure of "that fellow" to come, in a few minutes thereafter the witness Blitch drove up in a car, whereupon the officers also placed H. O. Long and the son of appellant under arrest. The court committed no error in permitting the witness Blitch to detail the conversation had with H. O. Long in the city of Big Spring. The evidence later developed was sufficient to show that he and appellant were acting together in the attempted sale of the whisky and authorized the jury to conclude that appellant was left in charge thereof while H. O. Long sought a purchaser. It appears to be brought clearly within the rule relative to statements by a conspirator made pending the conspiracy and in furtherance thereof regardless of whether the other conspirators are present at the time he makes the statement. Shaw v. State, 89 Texas Crim. Rep., 205, 229 S. W., 509; Sec. 694, p. 353, Branch's Ann. Penal Code.

The only other bill of exception relates to an objection on the part of appellant to the witness Blitch testifying that after his conversation with H. O. Long heretofore detailed that he reported this conversation to the officers, the objection being that it was a statement made by the witness Blitch out of the presence of appellant and was as to him hearsay and in no manner binding on him. Blitch did not state in detail before the jury what he reported to the officers, but merely testified that he did report the conversation. The question might properly be disposed of on the ground that the sheriff, without objection, later testified that he received information from Blitch and acted on it. · However, appellant briefs the point on the ground that it was in effect permitting the witness Blitch to support himself by his hearsay statement when no attack had been made upon him which would justify it. This was not the objection made at the time as appears from the bill, and from the entire record it does not seem that such was the purpose of the State in making the proof. The authorities to which we are referred, (Brent v. State, 95 Texas Crim. Rep., 14, 252 S. W., 500; Holmes v. State, 52 Texas Crim. Rep., 352-353, 106 S. W., 1160; Long v. State, 58 Texas Crim. Rep., 28, 124 S. W., 640; Dorman v. State, 64 Texas Crim. Rep., 104, 141 S. W., 526) do not appear to be in point as we understand the record. The witness testified as a *fact* that he had a certain conversation with H. O.

Long, and to the additional *fact* that he reported the matter to the officers. Upon that information the officers acted, and they testify to facts learned by them not from Blitch but as a result of acting on information from him. We think the principle announced in Huey v. State, 81 Texas Crim. Rep., 554; Marta v. State, 81 Texas Crim. Rep., 135, 193 S. W., 323 and Willman v. State, 92 Texas Crim. Rep., 77, 242 S. W., 746 controls. It appears to have been only a method of connecting up the testimony and accounting for the presence of the officers where the whisky was discovered and the arrests made.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### June 4, 1924.

MORROW, PRESIDING JUDGE.—Appellant maintains that aside from the declarations of H. O. Long made out of the presence of the appellant, there is wanting evidence that H. O. Long and the appellant were conspirators.

Satterwhite and McConnell went in their automobile, traveling on the Lamesa Road, to a point near the Experiment Farm in Howard County. They observed automobile tracks indicating that an automobile had turned from the road and gone into the brush. There they found two five-gallon jars of whisky hidden in the shrubbery. At the time R. W. Long was observed about thirty or forty yards distant, traveling in a direction taking him away from the locality in which the whisky was found. He was taken in custody, and the circumstances detailed by the witness were such as justified the conclusion that if he had not been in the brush or shrubbery, he would have been previously seen. Soon after he was taken in custody, H. O. Long appeared in an automobile in company with the son of the appellant. The car in which they were riding was driven by H. O. Long into the brush or shrubbery, and he got out and walked to a point about fifteen feet from the two jars of whisky. A few moments later, the witness Blitch appeared in his automobile and stopped his car at the same point at which the car driven by H. O. Long was stopped. While H. O. Long and his nephew, the son of the appellant, were engaged in a conversation with the witness Blitch, they were arrested by the sheriff. Before going to the place where the arrest was made, the sheriff had a conversation with Blitch, who had previously seen and talked to H. O. Long in the town of Big Springs.

According to the appellant, he and his brother, H. O. Long, came to Big Springs together and from there came in their automobile to the point at which the whisky was found, appellant's purpose being to see Sam Hanson, who lived on a farm nearby. An appointment

was made that H. O. Long should return to the place at which they had parted. H. O. Long took with him a check for sixty dollars which had been made by the son of Sam Hanson, payable to the appellant. According to the appellant, it was their understanding that H. O. Long would go back to the city and endeavor to cash the check which had been previously dishonored, and that the appellant would wait for him at the place on the road where they had parted, which place was near the Experiment Farm and near the Lamesa Highway. Appellant wanted to see Sam Hanson with reference to buying some tools; also to see what Parrish Hanson was going to do about the check, that is, to see if he was going to pay it. H. O. Long was to return with the check in case it was not paid, and appellant would then endeavor to collect it by getting Sam Hanson to pay it. According to the appellant, he failed to find Sam Hanson after making two trips to his field, and that when he returned to the place of appointment with his brother, he was arrested, being some seventy-five yards from the sheriff when his whereabouts was first revealed. His disclaimed any knowledge of the presence of the whisky or any connection with it. The check mentioned had been previously given to H. O. Long by the appellant for the purpose of paying a debt due because of money borrowed by the appellant from H. O. Long and loaned to Parrish Hanson. The check introduced in evidence bore the date of May 9, 1923, some fifty days anterior to the date of the present transaction, and bore the indorsements of the appellant, H. O. Long and O. P. Buchanan. It also showed that payment had been refused because of want of funds.

Sam Hanson testified that before his arrest, appellant had a conversation with the witness about buying some tools, and that subsequent to his arrest and after his release from custody, he had another conversation with him in which the appellant said that he wanted to see Parrish Hanson.

The circumstances detailed are deemed sufficient to present an issue of fact as to whether in the possession of the ten gallons of whisky found by the officers at the time of the arrest of the appellant and H. O. Long they were each interested, that is, whether in the possession of the liquor for the purpose of sale they were acting together. Assuming that the evidence detailed pertinently raised such an issue, then the declarations of H. O. Long in pursuance of his efforts or arrangements to sell the whisky and his acts with reference thereto would become admissible against the appellant under the well-established rule of evidence touching the declarations of co-conspirators. See Branch's Ann. Tex. P. C., Sec. 694. The conspiracy, of course, is not to be established by the acts and declarations of H. O. Long in the absence of the appellant, but "when the concert of action is once established, all of the facts and circumstances which preceded

and connectedly lead up to the homicide are relevant." Wharton's Crim. Ev., Vol. 2, p. 1732. "Where there is prima facie evidence of a conspiracy, the acts and declarations of each co-conspirator "done in the prosecution and furtherance of the common design, or which form a part of the res gestae of any act designated to advance the object of the conspiracy which is already in evidence, are admissible against any or all of the conspirators.' " Kipper v. State, 45 Texas Crim. Rep., 379; Underhill on Crim. Ev. Sec. 492; Richards v. State, 53 Texas Crim. Rep., 400; Hays v. State, 90 Texas Crim. Rep., 195.

In the present instance, H. O. Long and the appellant were brothers. They came to Big Springs together. They went together to the point where the whisky was afterwards found. They parted, appellant remaining in the vicinity of the whisky, and H. O. Long returning to Big Springs, where he made an engagement with Blitch to sell him the whisky in question. Blitch revealed this intention to the officers, who went to the place where H. O. Long and the appelland had separated and there found the whisky and the appellant. H. O. Long and the appellant's son were not, it is true, immediately at the whisky but were in such proximity to it and under such circumstances as to justify the jury in believing that the appellant was in custody of the whisky and that H. O. Long was acting with him. This is emphasized by the appellant's testimony in which he explained his presence. He connected himself with H. O. Long and showed their previous association upon the same day, their coming to the point where the whisky was found, and their engagement to re-meet there. Their joint possession of the check, the explanation of which by the appellant, was not such as rendered it free from question.

In the light of the oral argument and the ably-prepared motion for rehearing, we have examined the record and are constrained to the view that the law was not transgressed in receiving in evidence the declarations of H. O. Long.

The suggestion in the motion that the court did not submit to the jury the question of conspiracy is not available for the reason that the record does not show that the court was requested to submit that issue or that there was complaint of his failure to do so at the time of the trial.

The motion for rehearing is overruled.

*Overruled.*