CLATE PARKER V. THE STATE.

No. 19019.   Delivered June 9, 1937.

The opinion states the case.

*E. B. Lewis,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of unlawfully selling intoxicating liquor in local option territory, and his punishment was assessed at a fine of $100.00.

Appellant's first contention is that the court erred in overruling his motion to quash the complaint and information because it failed to negative any exception which might have legally authorized him to sell intoxicating liquor in dry area. This identical question was before this court in the case of Baker v. State, No. 18,666, June 2, 1937 (page 527 of this volume), and was decided adversely to appellant's contention.

Bills of exception numbers one, two, three and four relate to the introduction of the order of the commissioners' court ordering the election, canvassing the returns, declaring the result, publication thereof, etc. We think this testimony was admissible.

By bill of exception number five appellant complains of the action of the trial court in permitting Lewis Davis, an unpardoned convict, to testify. His objection was that he was not a competent witness. The record shows that Davis was convicted of a felony in 1933. Hence under the authority of Dade v. State, 76 S. W. (2d) 778, and Lee v. State, 70 S. W. (2d) 190, he was a competent witness.

By bills of exception numbers ten and twelve appellant objected to the introduction as evidence the label on the bottle said to contain whisky which stated:

"10-1-36.
Clate Parker sold to
Louis Davis
W. B. Hughes.
        J. B. Sample,
        Will Arnold."

Appellant objected to the introduction of the label because the same was an act of a third party, was made out of the presence and hearing of appellant, and was hearsay and prejudicial. Lewis Davis testified that he bought one-half of a pint of whisky from appellant on or about the 1st day of October, 1936, and paid sixty cents for it. Appellant testified that he did not sell whisky to said Davis. This made a controverted issue on the question of sale. The sheriff's written statement

on the label attached to the container, made in the absence of the appellant, showing what Davis told him from whom he bought the whisky was inadmissible; it being the act and statement of a third party in the absence of appellant and an attempt to bolster up the testimony of Davis. In support of what we have said, we refer to the cases of Holmes v. State, 52 Texas Crim. Rep., 352, and Wilson, alias Parker, v. State, 111 Texas Crim. Rep., 134.

Various objections were made to the argument of the county attorney and exceptions reserved. We do not deem it necessary to enter upon an extended discussion of same further than to say that the prosecuting attorney should always confine himself to a discussion of the testimony. However, the bills of exception in the instant case are all qualified by the trial court and as thus qualified do not disclose any error.

We have examined all other questions presented, but fail to find any reversible error.

For the error hereinabove discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.