WALTER G. ELLISON V. STATE.

No. 24601. January 18, 1950.
Rehearing Denied March 29, 1950.

*J. O. Duncan,* Gilmer, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of the unlawful possession of intoxicating liquor in a dry area and assessed a fine of $100.00, and he appeals.

The state's testimony shows that a constable of Upshur County, while driving on a highway in said county, noticed the erratic driving of a car in front of him. Upon approaching the car, he hailed the driver, who stopped the car, and while talking to the occupants of such car, the constable observed a case of 48 one-half pints of what he took to be whisky, as well as ten more half-pints of whisky therein. He took charge of

the liquor as well as the occupants of the car. A Mr. Adams was driving the car, and appellant was sitting in the front seat by the driver, and some other person was in the back seat. However, the car was the property of the appellant.

There was but one witness introduced relative to the facts and that was the constable, Frank Pyle.

Bill of Exceptions No. 1 relates to objections to such witness testifying relative to the presence of the 58 half-pints of whisky found in the automobile of the appellant and in his presence, the claim being that such search of the car was illegal and that the testimony was also illegal under Art. 727a, C. C. P. We are impressed with the idea that this arrest of appellant and the subsequent search of the car was authorized by Art. 666-42, Vernon's Ann. P. C., Vol. 1, which reads in part as follows:

"(a) All illicit beverages as defined by this Act together with the containers and any device in which the beverage is packaged, and any wagon, buggy, automobile, water or aircraft, or any other vehicle, used for the transportation of any illicit beverage, or any equipment designed to be used or which is used for illicit manufacturing of beverages, or any material of any kind which is to be used in the manufacturing of illicit beverages, may be seized with or without a warrant by an agent or employee of the Texas Liquor Control Board, or by any peace officer, and any person found in possession or in charge thereof may be arrested without a warrant."

At the request of the state, the trial court gave a special charge on the word "possess" for the purpose of sale. Appellant prepared and presented his Charge No. II defining such possession for the purpose of sale, and for a failure to give such charge appellant devotes a portion of his brief. However, the record before us shows that the trial court gave said appellant's special instruction to the jury, and we think this disposes of such proposition without further writing thereon.

Again, it is complained in appellant's brief because the witness Pyle was allowed to testify as to certain writings which he had placed on the bottles and containers thereof after he had arrested appellant for this alleged offense. The facts show that the witness said: "I wrote 2nd and 1st, 1949, Allen D. Adams, Walter G. Ellison," meaning thereby that he placed these marks thereon himself as a means of identification merely for his own benefit, and to show from whom he had taken this liquor. We think he had a right to mark these containers, look-

ing to again being called upon to identify the articles. We are cited to the cases of Parker v. State, 132 Tex. Cr. R. 567, 106 S. W. (2d) 313; and Holmes v. State, 52 Tex. Cr. R. 352, 106 S. W. 1160. The Parker case, supra, held as objectionable the following notation: "10-1-36. Clate Parker sold to Louis Davis, W. B. Hughes. J. B. Sample, Will Arnold." It can be seen that such annotation became evidentiary of certain sales, and of course, should not have been admitted in evidence against Parker. In the present case, we think the matter only became a means of identification of the person from whom the liquor had been taken, and the date thereof, looking towards the time the witness would have to again identify the same.

Appellant failed to brief any further suggested errors, and we see no error shown in further bills in the record, and same are overruled.

Perceiving no error reflected herein, the judgment will be affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant challenges the correctness of our conclusion expressed in the original opinion. He presents no new question.

As to the search of the automobile, it may be added that because the whisky was open to the view of the officer, no search of the automobile was made, or necessary to be made, by which the whisky was discovered.

Believing the case properly disposed of originally, the motion for rehearing is overruled.

Opinion approved by the court.