582 P.2d 816

**Johnny ALVAREZ, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 11875.**

Supreme Court of New Mexico.

May 23, 1978.

John B. Bigelow, Chief Public Defender, Reginald J. Storment, Appellate Defender, Martha A. Daly, Asst. Appellate Defender, Santa Fe, for petitioner.

Toney Anaya, Atty. Gen., Santa Fe, for respondent.

## OPINION

SOSA, Justice.

The defendant appealed his conviction of trafficking in heroin.

The Court of Appeals addressed three issues: (1) the unavailability of the informer at trial; (2) entrapment as a matter of law; and (3) jury selection. The Court of Appeals declined to hold for the defendant in each of the three issues. The defendant then applied for a writ of certiorari on the third issue, jury selection. We decided to hear the matter.

During voir dire it was revealed that certain jurors had served on at least one heroin trafficking case in which the defendants had been convicted primarily on the basis of testimony by the same witness for the prosecution who would be called in the case at bar. Each of these jurors was seated on the defendant's jury after he had exhausted all of his peremptory challenges. The defendant challenged each of the jurors for cause but these challenges were denied by the trial court. The prosecution then presented as a witness a narcotics agent, who was the only witness to the alleged sale and upon whose testimony the State's case hinged. The defendant was subsequently convicted.

On appeal, the defendant presented a question of first impression in New Mexico by challenging the competency of the seven jurors, arguing that their prior jury duty on cases involving a similar charge based on the same prosecution witness' testimony, whom they had already determined to be believable, established bias sufficient to render them unable to sit as fair and impartial jurors and to decide the case solely on the basis of evidence introduced in defendant's trial. After acknowledging a sharp

**46**

conflict between the jurisdictions, and even judges on the same bench, the Court of Appeals determined that, as voir dire failed to expressly elicit statements of actual partiality from these jurors, the trial court's denial of the challenges for cause was not an abuse of discretion. We disagree.

In rejecting the defendant's argument regarding the incompetency of the seven members of the jury panel, the Court of Appeals stated that during voir dire of these jurors the defendant failed to establish partiality upon the part of any juror. The Court of Appeals went on to state that the jurors indicated they could try defendant solely on evidence and instructions in the defendant's case. Furthermore, the Court of Appeals relied on the fact that upon the State's inquiry the jurors stated that they would not believe the prosecution witness, who they previously found believable, more than any other witnesses.

The particular question presented here is disqualification because of prior service on similar cases which arose out of independent transactions and in which identical witnesses are used by the prosecution to establish similar but disconnected criminal acts. On this question a sharp conflict exists in the decisions. *Casias v. United States,* 315 F.2d 614 (10th Cir. 1963).

At Annot., 160 A.L.R. 753 at 769 (1946), it is stated:

[I]t has been held that a defendant in a criminal proceeding does not receive a fair and impartial trial where it appears that some of the members of the jury at his trial previously served on a jury at the trial of another defendant charged with a similar but independent offense, and witnesses who testified for the prosecution at the first trial were also used to establish the guilt of the defendant at the second trial. Some courts have reasoned further that, the credibility of such witnesses at the first trial having been sustained, particularly where the main defensive matter is the incredibility of such witnesses, an avowal of impartiality by the jurors will not remove their disqualification. (Footnotes omitted.)

■ Since the defendant's theory was one of entrapment, the credibility of the State's witness was clearly at issue. The jurors, having sustained the credibility of the witness once before should not be allowed to overcome the implied bias in this situation by avowals of impartiality given in response to leading questions by the trial court and the prosecutor. In these circumstances, these jurors cannot be judges of their own impartiality. *Temple v. State,* 15 Okl.Cr. 176, 175 P. 733 (1918).

In *Priestly v. State,* 19 Ariz. 371, 171 P. 137 at 139 (1918) the court, in discussing jurors, held that:

Having passed upon the credibility of witnesses in a similar case upon substantially the same testimony, and having theretofore rendered a verdict on their oaths, it is not to be believed that they could sit upon this case with such an opinion previously formed without it influencing their action.

It also has been held that in a prosecution for the unlawful sale of intoxicating liquors, where the principal matter of defense was an attack on the credibility of the prosecuting witness, it was error to compel the defendant to select a jury from a panel including six jurors who had previously sat in a similar case, in which almost the sole defensive matter was the credibility of the same prosecuting witness. *Edgar v. State,* 59 Tex.Cr.R. 488, 129 S.W. 140 (1910).

The dissent filed in *Casias v. United States, supra,* at 620 by three judges of the equally divided panel noted:

There is nothing new or novel in the concept of implied bias or disqualification based on consideration of policy. It is not uncommon for the law to say that one occupying a status or relationship which raises a suspicion of bias or prejudice shall not be called into the jury box, and if called, shall be excused for cause.

We agree with this concept.

■ Affirmances of impartiality by jurors should not be regarded as conclusive evidence. *See Mares v. State,* 83 N.M. 225, 490 P.2d 667 (1971). Since it is not conclu-

sive, the jurors' avowal of impartiality is not sufficient to protect defendant's constitutional right to impartial jury as guaranteed by the Sixth Amendment to the United States Constitution and Article II, § 14 of the New Mexico Constitution.

■■ We, therefore, hold that a juror, who has served in a previous similar criminal trial in the same term of court where the same or another defendant was tried primarily on the basis of the credibility of the same material witness the State intends to use in the subsequent trial, when challenged for cause, may not serve in the subsequent trial, unless the prosecution can satisfy the court that the testimony of the material witness will be corroborated by the testimony of other witnesses. This rule shall not apply to expert or technical witnesses whose testimony is, for example, based upon experiments, chemical analysis, or the like. This rule shall be given modified prospectivity. It shall be applicable to the case at bar, all similar pending actions and all actions which may arise in the future.

■ This being the only issue addressed by the appellant on his petition for a writ of certiorari, we deem all other points raised by the appellant in the Court of Appeals as having been waived. The Court of Appeals is reversed and the cause remanded to the trial court for proceedings not inconsistent herewith.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.

McMANUS, C. J., and FEDERICI, J., dissent.