## G. E. CHORN V. THE STATE.

No. 10594.   Delivered February 9, 1927.

Rehearing denied June 22, 1927.

Second rehearing denied October 12, 1927.

### 1.—Burglary—Bill of Exception—Incomplete—Presents No Error.

Where appellant was on trial charged with burglary and complains of the state being permitted to bring into open court the property presumed to have been the fruits of the burglary and his bill complaining of the matter fails to set forth that such property was not identified as the stolen property, no error is shown.

### 2.—Same—Evidence—Accomplice Testimony—Properly Admitted.

Where, on a trial for burglary, there was no error in permitting the state to prove by the accomplice that certain articles of merchandise exhibited to him were, to the best of his knowledge and belief, goods taken by he and appellant from the burglarized store, said goods having been identified by the owner.

### 3.—Same—Secondary Evidence—Of Affidavit and Search Warrant—Properly Received.

Where it had been shown that the original affidavit for a search warrant, and also the warrant, had been lost, secondary evidence of their contents was properly admitted.

### 4.—Same—Evidence—Opinion of Witness—Harmless Error.

Where a witness was erroneously permitted to state his opinion as to the place of residence of appellant, but the fact was established beyond question by other testimony, no reversible error was shown.

ON REHEARING.

**5.—Same—Evidence—Of Affidavit for Search Warrant—Legal Presumption.**

On the admissibility of evidence secured by a search of appellant's premises, where the state has shown that the searching officer was possessed of a search warrant, for the purposes for which the search was made, which purported to have been issued by competent authority, there would be a prima facie presumption of its validity, in the absence of proof by appellant to the contrary. See Burch v. Zuech, 39 Am. Law Rep. 1349, and Cornelius on Search and Seizure, Sec. 332, and authorities there cited.

**6.—Same—Evidence—Proof of Lost Document—Rule Stated.**

"The admissibility of evidence to prove a lost document, is a question exclusively for the court, as a preliminary to such admission, the prior existence and genuineness of the lost document must be established, and that it cannot be produced by the party seeking to prove its contents." The loss and diligence must be shown to the satisfaction of the court. See Wharton's Crim. Ev., 10th Ed., Sec. 206.

**7.—Same—Continued.**

In the absence of the evidence, heard on the predicate, in any bills of exception complaining of the sufficiency of the predicate, this court is not in a position to review or overturn the conclusion of the trial court, and where the predicate is established, it is sufficient to prove the substance of the lost instrument. See Cyc. of Law & Proc., Vol. 35, p. 1627; Gonzales v. State, 31 Tex. Crim. Rep. 508, and Dudley v. State, 58 S. W. 111.

**8.—Same—Search and Seizure—With Consent of Accused—No Error Shown.**

Where a search of appellant's premises is made with his consent, as was shown in the instant case, he will not be heard to complain that such search was made without a search warrant.

SECOND APPLICATION FOR RHEARING.

**9.—Same—Motion Denied.**

Appellant presents a request for leave to file a second motion for rehearing, but nothing is presented which has not been considered heretofore and his application to file a second motion for rehearing is refused.

Appeal from the District Court of Jones County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Brooks & Robinson* of Anson, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, the punishment being two years in the penitentiary.

M. T. McCoy owned and operated a general mercantile establishment and on the night of February 3, 1926, the house was burglarized and a quantity of goods taken therefrom. A few days later officers obtained a search warrant and searched a house occupied by appellant and one Tucker. As a result of the search practically all the stolen goods were recovered and identified by the owner through cost marks on them. Tucker testified that he and appellant burglarized the store and stole the merchandise.

Complaint is made in bill of exception No. 1 because the officers brought into the court room the merchandise alleged to have been stolen from McCoy's store and placed them in view of the jury, the objection being that no proper predicate had been laid authorizing the production of the goods before the jury. The bill fails to state what witness was then being examined, but upon objection being made the District Attorney said, "I am going to identify it by this witness." We infer he had reference to the party then on the witness stand. The learned trial judge told appellant's counsel if said property was not identified he would instruct the jury not to consider it for any purpose. The bill stops here. There is no recital that the witness failed to identify it. The bill shows no error.

The matter complained of in bills 2 and 3 is because the state was permitted to prove by Tucker, the accomplice, that certain articles of merchandise exhibited to him, were, to the best of his knowledge, goods taken by him and appellant from the burglarized store. There was no error in this. The goods were later positively identified by McCoy.

Complaint appears in bill of exception No. 4 because the sheriff was permitted to testify that he searched the house occupied by appellant and Tucker, after obtaining a search warrant, and found certain goods which he identified, the objection being that it had not been shown that the search was upon a warrant properly obtained. Bills 5, 6, 7 and 9 complain that error was committed by the court in permitting witnesses to testify as to the contents of the affidavit and warrant, the objection being that they, themselves, were the best evidence. The bills are qualified by the court showing that the justice of the peace who took the affidavit had testified that he had searched his office for it without avail, and the sheriff had testified that the warrant

had been lost out of his pocket. It being shown that both instruments were lost it was permissible to prove their contents.

J. S. French testified that appellant lived at the house which was searched and where the stolen goods were found; he said he did not know of his own personal knowledge that appellant lived there, but based his statement in that regard on what others told him. Objection was interposed because the witness was stating only a conclusion based upon hearsay. This evidence ought not to have been admitted, but its erroneous reception does not demand a reversal. The court's qualification shows that the witness did testify that he had seen both appellant and Tucker at the particular premises. That appellant did live there seems to have been established beyond question by other testimony. It was not a contested issue.

The judgment is affirmed.                    *Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Adverting to bills of exceptions Nos. 4, 5, 6 and 7, appellant insists that a reversal of the judgment should result.

Before permitting the searching officer to disclose to the jury the result of the search, the court heard testimony to the effect that Judge French, a Justice of the Peace, had issued a search warrant upon an affidavit made by the witness. The form prescribed for searching for liquor was used, but the references as to liquor were erased and in lieu thereof the stolen property was described. The premises of the appellant were also described. We understand from the qualification of bill No. 4 that the court, in the absence of the jury, heard evidence touching the loss of the search warrant, and upon such evidence as that mentioned above, permitted the officer to testify to the result of the search. Against the receipt of the evidence of the result of the search, it was urged that there was no proper search warrant issued by a proper and legal affidavit and application.

In bill No. 5 it appears that the sheriff testified that he made a search of the appellant's premises and had a search warrant at the time. The witness was permitted to testify as to the contents of the search warrant. Against the receipt of this testimony objection was urged that there was no testimony showing that the search warrant contained the essential statutory requirements to make it a valid and legal search warrant. Touching what the witness testified the contents of the warrant

to be, the bill is silent.   It cannot, therefore, be justly said that the bill shows that the search warrant did not contain the statutory essentials.   In connection with this bill, the court makes a similar statement to that touching bill No. 4, wherein it is declared that in the absence of the jury the witness testified that the search warrant was lost out of his pocket somewhere near Truby.

In bill No. 6 it appears that the witness O'Bar participated in the search and had possession of the search warrant.   While upon the witness stand, he was asked the following question:

"Was the search warrant in the usual and ordinary form of search warrants, to the best of your recollection?"

To this the witness replied in the affirmative.   It is made to appear from the court's qualification that the search warrant had been lost.

In bill No. 7 it is made to appear that the witness O'Bar was permitted to answer the following question with reference to the application for the search warrant:

"Was that application filled out in the ordinary and usual manner of applications for search warrants?"

The witness answered: "Yes, sir; I think so."

In the qualification of this bill it is shown that French, the Justice of the Peace, who issued the search warrant, testified that upon a search of his office he had failed to find the affidavit upon which the search warrant was issued, but that such affidavit was made by the officer.   It is a serious question whether under the facts in the present case the burden was upon the state to show that the application for the search warrant complied with the forms of law.   See Smoot v. State, 160 Ga., 744, 41 Amer. Law Rep. 1533.   There is much reason and authority for the claim that under our statute, where the state shows that the searching officer was possessed of a search warrant to search the premises of the accused for the purpose for which the search was made, which warrant purported to have been issued by competent authority and contained the recitals requisite to show compliance with the legal requirements, that evidence acquired as a result of the search would be admissible unless its receipt was opposed, *not only by objection*, but by proof that the supporting affidavit was not in accord with the law.   In other words, the magistrate having issued a warrant showing on its face to be in accord with the duty as a public officer, there would be a prima facie presumption of its validity.   See Burtch v. Zuech, 39 Amer. Law Rep. 1349; Cornelius on Search & Seizure, Sec. 332, and authorities cited in note 84.   However, in the

present instance, the court having determined upon proof, in the absence of the jury, that the affidavit was lost, and that there was sufficient predicate for the introduction of secondary evidence, the testimony contained in the several bills under discussion, if admissible, were sufficient to meet the objection that there was an absence of showing of proper affidavit, as a basis for the issuance of the search warrant. The contents of both the search warrant and the affidavit, if shown to have been lost and therefore unavailable, proof of their contents would be met by parol evidence upon a proper predicate showing diligence. From Wharton's Crim. Ev., 10th Ed., Sec. 206, we quote:

"The admissibility of evidence to prove a lost document is a question exclusively for the court; as a preliminary to such admission, the prior existence and genuineness of the lost document must be established, and that it cannot be produced by the party seeking to prove its contents."

The loss and diligence must be shown to the satisfaction of the trial courts. See Wharton's Crim. Ev., Secs. 207 to 211. In the present instance, both the warrant and the affidavit are shown to have been lost. This showing was made upon evidence heard by the trial judge in the absence of the jury. The evidence heard on the predicate is not brought forward in any of the bills of exceptions complaining of the sufficiency of the predicate, and in the absence of the evidence which was heard by the trial judge upon which he based his decision that the predicate was sufficient, it seems obvious that this court is not in a position to review or overturn his conclusion. See Underhill's Crim. Ev., 3d Ed., Sec. 94. Where the predicate is such as to authorize the resort to oral proof of the contents of the written instrument which has been lost, generally speaking, it is sufficient that the substance be proved. See Cyc. of Law & Proc., Vol. 25, p. 1627; Gonzales v. State, 31 Tex. Crim. Rep. 508; Dudley v. State, 58 S. W. 111.

From an examination of the statement of facts, we learn that the substance of the search warrant and the affidavit as comporting with the statutory requirements was vouched for by the testimony of the witness French, a Justice of the Peace, and Whaley, a deputy sheriff, this being testimony other than that to which the bills of exceptions relate. In addition, it was shown without controversy that the appellant consented to the search of his premises. This being true, the necessity for a search warrant was obviated. See Hall v. State, 105 Tex. Crim. Rep. 365. We also think the bills show no error. Even if that were

doubtful, however, in view of the other matters to which we have just adverted, this court would not be authorized to reverse the judgment.

The motion is overruled.                                    *Overruled.*

### OPINION ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The matters complained of in appellant's request for leave to file second motion for rehearing have been considered heretofore, and nothing is brought forward which has been misstated or overlooked. Appellant does complain upon the ground that in our opinion on rehearing, as he says, we incorrectly stated that he gave his consent to the search of his premises. We quote from the testimony of T. P. Hudson, which is not controverted by any other witness in the case:

"The defendant told me it didn't make any difference about a search warrant, but I read it to them. He gave me his permission to search the place; I asked him if he wanted me to read it to him, he said no, just go ahead and search it."

Leave to file second motion for rehearing is refused.

                                                    *Motion refused.*