## W. T. ASHCRAFT V. STATE.

No. 24745. May 3, 1950.
Appellant's Motion for Rehearing Denied (Without Written
Opinion) May 31, 1950.

*Bartlett & Bartlett,* by *Thos. B. Bartlett, Jr.,* Marlin, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of felony theft under an indictment charging the theft of 71 sacks of cottonseed meal, of the value of $4.00 each, and of the aggregate value of $284.00 from the possession of John Lackey, the alleged owner.

Eugene J. Schmidt was the owner of a cotton gin in the town of Rosebud, and in his absence, John Lackey was in charge of the gin plant. The cottonseed meal was actually owned by Schmidt and was stored in the gin building, to be sold and exchanged in connection with the business of the gin.

Mr. Schmidt was properly permitted to testify as to the market value of the cottonseed meal in Rosebud, on November 21, 1948. The court's qualification to this bill of exception shows that the witness was qualified to give such testimony. It is immaterial that he was not, at such time, present in Rosebud, he being acquainted with the market value regarding which he testified.

According to the confession of appellant, he entered the room or shed where the meal was stored about 3 o'clock in the morning, and removed a number of sacks of cottonseed meal, loaded it on a truck and drove to Somerville, Texas, where he sold it to two men whom he identified.

These parties testified and produced cancelled checks payable to appellant, one for $110.00 containing the memorandum "For 30 sacks of cottonseed meal," and another for $99.00 bearing the notation "For 33 sacks of meal," and each endorsed by appellant.

The actual owner, Eugene J. Schmidt, testified that on November 21, 1948, the time of the alleged theft, he was in Memphis, Tennessee, and did not return to Rosebud until November 24th.

Over appellant's objection that it was hearsay, he was permitted to testify that 71 sacks of meal were missing.

In view of other testimony admitted without objection, we fail to see any injury to appellant in the admission of such testimony.

The same witness, Schmidt, testified: "There was some cottonseed meal returned to me by Brady Pamplin, the Sheriff of Falls County, Texas, subsequent to the 21st day of November, 1948. I believe there were 50 bags or thereabouts returned. The bags that were returned to me had Southland Cotton Oil Company, Temple, Texas, on them. I could identify them as being the same lot that had been in my gin prior to the 21st of November, 1948."

And on cross examination:

"Mr. Ashcraft paid me for 23 sacks of cottonseed meal. I believe I said there were 50 missing but there were 48. I got the other back."

John Lackey testified:

"I recall that there was some cottonseed meal taken from the gin on the 21st day of November last year or sometime during that night. I discovered the loss of the meal. I gave no one my consent or permission to go in there and take 71 sacks of cottonseed meal."

Admission of hearsay testimony does not constitute reversible error if the same facts were proved by admissible evidence or by evidence which was not objected to. See 4 Tex. Jur. 586, Sec. 414.

Upon a charge under separate indictment, appellant was convicted previously of the burglary of the gin building and received a suspended sentence. Appellant's plea of former jeopardy based upon such conviction of burglary was properly overruled. The burglary was a separate and distinct offense to that of theft, though arising out of a single transaction. See Art. 1399, Vernon's Ann. P.C.; Cooper v. State, 154 Tex. Cr. R. 182, 226 S.W. 2d 122, and cases there cited.

The state's proof showed the time of taking as during the night of November 21, 1948, the property being in the gin when John Lackey left on the afternoon of the 21st, and having been missed by him on the following morning.

Appellant, in his confession, placed the approximate hour of the taking at 3 o'clock in the morning which would, of course, be 3 A.M. of November 22nd.

In applying the law in his charge, the trial judge used the following language:

"Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant W. T. Ashcraft, in the County of Falls and State of Texas, on or before the 21st day of November, 1948, as alleged, * * *."

Appellant did not except to the charge in this particular, nor does it appear that the erroneous use of the term "on or

before" rather than the usual and customary "on or about" was in any way called to the trial court's attention.

However appellant seeks to avail himself of such error in connection with his exception to the charge for failure to instruct the jury that the state was bound by exculpatory statements contained in appellant's confession offered in evidence by the state.

The confession itself contains no statement that would exculpate appellant, but admits the burglary and theft, without in any manner attempting to excuse or justify his acts.

There is found in the confession no word, phrase, or sentence that could have been pointed out by the court in a charge informing the jury that the state was bound by such as an exculpatory statement unless disproved by other evidence.

It is only by resort to other testimony as to the time of the disappearance of the property, and the application of what seems to have been a clerical error in the charge that appellant's confession may be construed to contain any exculpatory word.

If the offense was committed on November 22, 1948, about 3 o'clock A.M., as confessed by appellant, it would be at a time "on or about November 21" as charged in the indictment, though it would not be "on or before November 21."

However the charge reads "on or *before* November 21, 1948, *as alleged,* * * *," and the time alleged "on or about November 21, 1948," would include November 22, 1948. In any event, the trial court was given no opportunity to correct the charge in this regard by having it called to his attention by proper exception, and reversible error is not shown.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.