JAY D. GROSS V. STATE.

No. 26,634. December 16, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) February 10, 1954.

*Mays & Mays* and *Dave Miller*, by *Charles Mays*, *Fort Worth*, for appellant.

*Howard M. Fender*, Criminal District Attorney, *Gerald Murad* and *Conard Florence*, Assistants Criminal District Attorney, Ft. Worth, and *Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is unlawfully practicing dentistry without a license, with a prior conviction alleged to enhance the punishment; the punishment, a fine of $500.00.

The witness Moorhead testified that on the day in question he went to the appellant's house in Tarrant County; that when he got there he found a lady seated behind a desk in the living room or reception room; that he saw seven or eight people there; that after waiting sometime the appellant came in and asked the witness what he could do for him; that the witness told appellant he wanted a lower plate made; that they agreed upon a price; that the appellant took the witness into his office, seated him in a doctor or dentist chair and made an impression. The witness further testified that the appellant subsequently made a lower dental plate for him and charged him $25.00 for the same.

The witness stated that he did some investigating for the Texas State Dental Board and was paid by them for such work.

The prior conviction was proved, and it was established by

the witness Garner that appellant did not have a license to practice dentistry.

Appellant presents only one bill of exception, which relates to that portion of the court's charge in which he copied verbatim Article 754d, Vernon's Ann. P. C.

Appellant contends that the use of the word "shall" in the charge, as referred to above, told the jury that they must convict the appellant and is thus on the weight of the evidence. We do not agree with such contention. The court merely told the jury that Moorhead was an accomplice and, in the words of the statute (Art. 754b, V. A. P. C., as amended by the 52nd Leg.), that if they believed him then his testimony would be sufficient to convict.

We here observe, however, that in view of the statute the better practice would be to omit in the charge any question of the witness being an accomplice.

Finding no reversible error, the judgment of the trial court is affirmed.