MARY ALICE POWDRILL V. STATE.

No. 26,884. April 7, 1954.

*Power, McDonald and Mell,* by *Warren McDonald* and *Milton Greer Mell,* Tyler, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the unlawful sale of beer in a dry area, and her punishment was assessed at thirty days in jail and a fine of $100.

The state introduced proof that Smith County was a dry area.

J. P. Hadnot, inspector for the Texas Liquor Control Board, testified that on May 23, 1953, in Smith County, he bought four cans of beer from the appellant for which he paid her fifty cents per can; that he transferred some of the beer to a bottle which he at the time labeled showing "where it was picked up and what it was and from whom it was taken," and no further identification of the notations on the label was made by the witness Hadnot. He further testified that the labeled notations were made out of the presence of the appellant, and that on May 23, he delivered said bottle to I. V. Sims, an inspector for the Texas Liquor Control Board.

I. V. Sims testified that he was not present at the time of the alleged sale; and that J. P. Hadnot, on May 23, delivered to him a bottle which had remained in his possession since that time and which bore a label that had written on it the following:

"Purchased from Mary Alice Powdrill, purchased by J. P.

Hadnot, price 50c, Address: 222 Medlin Alley, Tyler, Smith County, May 21st, 1953, 6 P.M."

which was read to the jury by the witness Sims during his testimony, and the bottle and label were introduced in evidence.

Appellant testified that she delivered beer to J. P. Hadnot at her father's request but did not sell it to him.

Appellant contends that the court erred in permitting the notations written on the label to be read to the jury and in admitting the bottle in evidence with the label thereon over her objection that the same were hearsay.

The notations on the label of the bottle concerning the purchase of the beer were hearsay. The same being evidentiary of and bearing on the controverted issue as to the alleged sale, it was error to admit the same in evidence. Parker v. State, 132 Tex. Cr. R. 567, 106 S.W. 2d 313; Austin v. State, 97 Tex. Cr. R. 360, 261 S.W. 1035. In Ellison v. State, 154 Tex. Cr. R. 448, 227 S.W. 2d 817, we held that if such notations were used only as a means of identification of the person from whom the liquor had been taken, and the date thereof, then no error was shown. We further said that if such notations became evidentiary of certain sales, then they should not be admitted.

The judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.