Ray LEMASTERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 28322.

Court of Criminal Appeals of Texas.
June 13, 1956.

On Rehearing Jan. 9, 1957.

Henry J. Anderson, Jr. and Martin & Martin, by Howard L. Martin, Wichita Falls, for appellant.

Jimmy Castledine, Dist. Atty., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

DAVIDSON, Judge.

This is a conviction for keeping a policy game, with punishment assessed at three years in the penitentiary.

Hawes, a witness for the state, testified to facts showing that appellant was guilty of keeping a policy game, as charged, and that he actively engaged in the commission, with appellant, of the unlawful enterprise. By his testimony, Hawes was an accomplice witness.

No other accomplice witness testified in the case.

Testifying as a witness, appellant denied his guilt and asserted that he did not know the witness Hawes, and that he saw him for the first time at the trial.

By Section 6 of Art. 642c, Vernon's Ann. P.C., the legislature has expressly provided that a conviction for the offense here charged might be had upon the uncorroborated testimony of an accomplice.

In submitting the case to the jury, the trial court incorporated in his charge the following instructions:

"You are charged that a conviction may be had for the offense of keeping for the purpose of gaming, a policy game, upon the uncorroborated testimony of an accomplice.

\*    \*    \*    \*    \*    \*

" 'Accomplice', as herein used, means any one connected with the crime charged. It includes all persons connected with the crime by unlawful act or commission on their part, transpiring either before, at the time of or after the commission of the offense, and whether or not they were present and participated in the commission of the crime."

■ Various objections were levelled at this charge, chief among which was that it was a charge upon the weight of the evidence and tantamount to an instruction to convict upon Hawes's testimony.

It is apparent that the charge had the force and effect of an instruction that a conviction might be had upon Hawes's testimony. In other words, the trial court singled out the testimony of one witness in the case and instructed the jury to convict if they believed the testimony of that witness.

■ The rule of law which requires corroboration of the testimony of an accomplice witness, in order to convict, is a limitation upon the jury's consideration of testimony. The right to limit the jury's consideration of evidence would not warrant the giving of an instruction as to the weight or effect of the testimony of an accomplice.

■ In providing that, as in the instant prosecution, a conviction might be had upon the uncorroborated testimony of an accomplice, the legislature did nothing more than remove the limitation cast upon the testimony of such a witness and put it upon the same basis as the testimony of other witnesses.

One of the limitations the legislature has placed upon a trial court in charging a jury in a felony case is that he not express "any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts \* \* \*." Art. 658, Vernon's C.C.P.

The conclusion is expressed that the charge was subject to the objection that it was upon the weight of the evidence.

Other questions presented will not likely arise upon another trial and are therefore not discussed.

For the error in the charge, the judgment is reversed and the cause is remanded.

On Appellant's Motion for Rehearing

MORRISON, Presiding Judge.

■ Our opinions on the State's motion for rehearing are withdrawn.

The State called our attention to the recent case of Gross v. State, 159 Tex.Cr.R. 394, 263 S.W.2d 951. We have given the matter careful consideration and have concluded that we were in error in the Gross case, and it is hereby expressly overruled. Were we to allow the Gross case to stand, soon all charges in cases where applicable would contain such an instruction, and we have concluded that such stat-

172

ute was passed for the guidance of trial and appellate courts in passing upon the sufficiency.of the evidence but that the Legislature did not intend that the jury be instructed in accordance with the terms thereof.

The appellant's motion for rehearing is granted, and the order granting the State's motion for rehearing is set aside.