Clinton MIMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 36769.

Court of Criminal Appeals of Texas.

March 25, 1964.

Rehearing Denied April 29, 1964.

Weldon Holcomb, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## MORRISON, Judge.

The offense is the sale of beer in a dry area; the punishment, 90 days in jail and a fine of $250.00.

Stephen Brown, who was fifteen years of age at the time charged in the information, testified that, in company with five other young people, he went in an automobile to the rear of a house out in the country from the city of Tyler in Smith County and inquired if "Sugar Boy" was there. He stated that at just that moment appellant drove up, that he purchased six quarts of beer from him, that one of the other boys put the beer in a box which was placed in the trunk of the automobile, and that they had driven some distance away from the house in question when they were stopped by the officers and the beer was discovered.

Liquor Control Board Inspector Cosper testified that he and two deputy sheriffs stopped the automobile in which there were six young people, one of them being Stephen Brown, and recovered from the trunk of the automobile a container in which he found six cold quart bottles of Old Milwaukee beer. Deputy Sheriff Nash, who was with Cosper, corroborated his testimony.

The dry status of Smith County was established. Appellant did not testify or offer any evidence in his own behalf.

Appellant complains of the introduction into evidence of the labels on the bottles which contained hearsay notations in violation of the rule announced by this Court in Powdrill v. State, 159 Tex.Cr.R. 618, 266 S.W.2d 879. The record reflects that the bottles were offered in evidence through the witness Cosper. During the course of Nash's testimony, the exhibit was reoffered with the notations of the officers obliterated. Upon the statement of the prosecutor that the jury had not had an opportunity to read the notations on the bottles, the court permitted the State to make such reoffer of the evidence.

At the motion for new trial, no witnesses were called and the attorneys were not sworn as witnesses. We are therefore not called upon to pass upon the conflict in their argument as to whether or not the jury ever saw the labels containing the hearsay notations of the officers. The allegations in the motion for new trial do not constitute proof nor do statements of counsel made to the court at the hearing when not under oath as witness. The formal bills of exception fail to contain any recitation that any member of the jury read the notations prior to their being obliterated. In the absence of any evidence that any member of the jury saw the notations, no reversible error is shown. It should be remembered that in Powdrill, the witness read the notations to the jury during his testimony.

By supplemental brief, appellant relies upon Zorn v. State, 167 Tex.Cr.R. 502, 321 S.W.2d 90, and states that in such case it was the State's contention that there was no showing that the affidavit for the search warrant was ever read by or to the jury. We have reexamined the record in Zorn, and find that the State filed no brief in such case. We further find that the affidavit was introduced in evidence, and no effort was ever made to withdraw the same. Zorn is therefore not controlling here.

We find no error in the failure of the court to instruct the jury that the witness Brown was an accomplice. Subsection 8 of Article 666—23a Vernon's Ann. P.C. provides that a conviction may be sustained upon the uncorroborated testimony of an accomplice. Under a similar stat-

ute we observed that the better practice would be to omit in the charge any question of the witness being an accomplice. Gross v. State, 159 Tex.Cr.R. 394, 263 S.W. 2d 951.

■ We find no error in the State being permitted to reopen its case and introduce additional evidence.

■ Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

■ Appellant re-urges his contention that the introduction in evidence of the six quart bottles of beer bearing labels which contained certain hearsay notations thereon constituted reversible error.

The record reflects that the notations on each of the bottles of beer of which appellant complains were placed thereon by Inspector Cosper after the bottles were removed from the trunk of the automobile. The notations were as follows:

" '4/12/63
Clinton Mims

Buy made by Stephen Brown
Paid $5.10
6–32 oz. Old Milwaukee Beer

Shelton-Nash          RLC' "

While such notations on the bottles, being hearsay and evidentiary in nature, were erroneously admitted in evidence, under the rule in Powdrill v. State, supra, we remain of the opinion that their admission in evidence does not call for a reversal of the conviction.

In addition to what we stated in our original opinion, it should be noted that if the jurors did see the notations on the bottles—of which there is no proof—they were instructed by the court to disregard the same when the exhibits were re-offered by the state, with the notations obliterated.

Furthermore, the testimony of the state's witness Stephen Brown was undisputed that on April 12, 1963, he purchased the six quart bottles of beer from the appellant for $5.10. In view of his undisputed testimony, the admission in evidence of the labels containing similar information, although hearsay, would not call for a reversal. Chorn v. State, 107 Tex.Cr.R. 521, 298 S.W. 290; Ashcraft v. State, 155 Tex.Cr.R. 1, 229 S.W. 2d 813; Williams v. State, 166 Tex.Cr.R. 617, 317 S.W.2d 537.

■ We overrule appellant's contention that certain comments made by the court at the time he overruled appellant's amended motion for new trial constituted reversible error under Art. 758, Vernon's Ann.C.C.P., which provides that

"In granting or refusing a new trial, the judge shall not sum up, discuss or comment upon the evidence in the case, but shall simply grant or refuse the motion, without prejudice to either party."

At the time he overruled the motion for new trial the court stated, in substance, that he did not know whether the jurors saw the notations on the bottles but that he wanted to present to this court the facts with reference to the opportunity of the jury to know what was on the labels. No additional facts have been presented to this court by the judge. If the court's comments be construed as a violation of the statute, no injury to appellant is shown. In the absence of a showing of injury, the comments could not constitute reversible error. Williams v. State, 126 Tex.Cr.R. 42, 69 S.W.2d 759.

The motion for rehearing is overruled.

Opinion approved by the Court.