**Hubert Lee FORTSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44401.

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

H. Edward Johnson, Fort Worth, Court appointed on appeal, for appellant.

Frank Coffey, Dist. Atty., and John Garrett Hill, Asst. Dist. Atty., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of rape. The punishment was assessed by a jury at life.

The record reflects that on August 12, 1970, at approximately 12:30 A.M., the appellant approached two high school girls as they were driving away from an apartment house driveway. The girls were in a small foreign car and had their windows open. Appellant ran up to the window of the car, placed a knife at the driver's throat, forced her to admit him into the car, and then, by threats to kill her as he held the knife to her throat, directed her to drive to a park. As they were driving to the park the appellant directed the prosecutrix, who was on the passenger side of the front seat, to get into the back seat with him. After

reaching the park and directing the driver to stop the car, appellant held the knife on the prosecutrix, threatened to kill her and forced her to embrace and kiss him, and then he raped her. While the appellant was carrying out his acts of rape, two police officers drove up in a patrol car and arrested him. Both girls reported the incident to the police. The prosecutrix gave to the police the knife which appellant had been holding on her.

The evidence is sufficient to support the conviction for rape by force and threats.

■ Appellant's first ground of error complains of the admission of the testimony of the physician as to what the prosecutrix told him at the time of the examination.

Dr. Jan Joseph Schook testified that during the early morning hours of August 12, 1970, he "did a physical examination and a pelvic examination" of the prosecutrix at Peter Smith Hospital. The pelvic examination revealed evidence of spermatozoa. He stated that, in his opinion, the prosecutrix' vagina had been penetrated by a male sex organ.

On cross-examination the doctor was questioned initially concerning a medical report that was prepared as a result of his examination. Such report contained a statement made by the prosecutrix that she was pregnant. Then, on re-direct examination, the record reveals the following:

"Q. (By Mr. Adcock, Prosecutor) During this same conversation that you referred to with defense counsel, I'll ask you if Miss L _ _ _ told you what happened to her?

"A. Yes sir.

"Q. And what did she tell you?

"A. She said she was forced to have intercourse at knife point and she wanted to tell me she was pregnant."

Article 38.24, Vernon's Ann.C.C.P., provides:

"When a part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

The prosecutrix had testified that she was "about two months" pregnant at the time, and that she was forced to have intercourse with appellant at knifepoint.

The first ground of error is overruled. See, Mims v. State, Tex.Cr.App., 378 S. W.2d 318; Ashcraft v. State, 155 Tex.Cr. R. 1, 229 S.W.2d 813.

■ Next, appellant contends it was error to admit testimony by four Ft. Worth police officers from the Juvenile Division that in their opinion appellant's reputation for being a peaceful and law abiding citizen was bad. Appellant contends that the effect of this testimony violates the provision of Article 2338–1, Sec. 13(e), Vernon's Ann.Civ.St.

The reputation evidence was admitted at the punishment stage of the proceeding pursuant to Article 37.07, Sec. 3(a) V.A. C.C.P.

It was not improper to inquire about appellant's reputation from witnesses having personal knowledge of the same. The fact that appellant was a juvenile when this reputation was acquired would not affect the admissibility of such testimony. Walker v. State, Tex.Cr.App., 454 S.W.2d 415; Banda v. State, Tex.Cr.App., 424 S.W.2d 938; Broadway v. State, Tex.Cr.App., 418 S.W.2d 679. See also Lee v. State, Tex. Cr.App., 470 S.W.2d 664.

In Walker v. State, supra, this court stated:

"The statute cited (Art. 2338–1, Sec. 13(d), (e), V.A.C.S.) concerns only tes-

**236**

timony regarding the disposition of matters having been adjudicated in juvenile court and in no way affects the qualifications of one having personal knowledge of the appellant's general reputation in the community."

Finally, appellant complains "That the jury assessed a life sentence," contending that the same was excessive. Such contention is without merit, as a punishment for life is provided by the statute. See Article 1189 Vernon's Ann.P.C.; Bass v. State, Tex.Cr.App., 468 S.W.2d 465.

The judgment is affirmed.