Danny **LEWIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47278.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Billy Hall, Littlefield, for appellant.

E. W. Boedeker, Dist. Atty., Levelland, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for selling a dangerous drug, to wit: Lysergic Acid Diethylamide. Punishment was assessed by the jury at ten years.

Initially, appellant contends that the court erred in overruling appellant's motion for instructed verdict.

■ The thrust of appellant's contention appears to be that the State has failed to prove that appellant intended to sell Lysergic Acid Diethylamide.

It is undisputed that Agent Mull of the Narcotic Section of the Department of Public Safety purchased from appellant in Hockley County on December 7, 1971, a substance represented by appellant to be "green lantern L.S.D." and paid therefor the sum of one hundred and fifty dollars. Chemist and toxicologist Smith of the Department of Public Safety testified that he made an analysis of the substance identified as having been purchased from the appellant at the time in question and found same to contain Lysergic Acid Diethylamide.

Appellant, testifying in his own behalf, admitted that he made the sale, representing to Mull that the substance was L.S.D., and received one-half of the selling price of $150.00. Appellant further testified that he had seen one Sammy Lewis (the record reflects no relation to appellant) mix the substance he sold and that it was comprised of Comet washing powder and lemon-lime Kool-Aid, in spite of the fact that Sammy represented it to be L.S.D. According to appellant, Sammy Lewis received one-half of the money from the sale. Appellant stated that he needed money, figured that the buyer would find out that the substance was not L.S.D. and "I might get a few knots on my head."

The decision in Reyes v. State, Tex.Cr. App., 480 S.W.2d 373, is adverse to appel-

lant's contention that the State failed to prove intent to sell a dangerous drug. In *Reyes*, this court held:

"Where the accused has represented that he is selling a certain narcotic drug and the substance which he sells is found to contain such narcotic drug, knowledge has been shown."

■ Appellant further urges that the court erred in failing to grant his motion for instructed verdict in that the testimony of the chemist leaves a reasonable doubt as to whether the substance in question was Lysergic Acid Diethylamide. Appellant does not specify the deficiency in such testimony. A review of the testimony of chemist Smith negates appellant's claim.

We find no error in the court overruling appellant's motion for instructed verdict.

■ Appellant contends that the court erred in overruling his objections and exceptions to the court's charge in that nowhere in the charge does the court charge the jury on the question of intent. Appellant points to his testimony about lack of knowledge that the substance sold was L.S.D.

The court instructed the jury:

"You are charged as a part of the law in this case that you must find from all of the evidence presented to you that the defendant, Danny Lewis, knew that the substance sold to Jim Mull was Lysergic Acid Diethylamide, or contained Lysergic Acid Diethylamide, beyond a reasonable doubt, and if you do not so find beyond a reasonable doubt, you will find the defendant, Danny Lewis, not guilty, and if you have a reasonable doubt thereof, you will give the defendant the benefit of such doubt and say by your verdict, not guilty."

We find that the foregoing instruction adequately covered the defense raised by appellant's testimony.

■ Appellant contends the court erred in overruling his objection to testimony of initials being placed on a plastic bag out of his presence and hearing.

Texas Ranger Mitchell watched Mull and appellant from across the street at the time the purchase in question was made. Mitchell followed Mull's car after the purchase to a position outside of Levelland on the Lubbock Highway, having Mull's car under surveillance from the time of the purchase until the vehicles were stopped. Upon stopping, Mitchell stated that Mull showed him a plastic baggie containing a powdery substance. Mitchell placed his initials on the baggie. Appellant urges that the placing of the initials on the baggie was hearsay since such action was taken outside of appellant's presence and the court was in error in allowing Mitchell to testify regarding same.

Powdrill v. State, 159 Tex.Cr.R. 618, 266 S.W.2d 879 and Mims v. State, Tex.Cr. App., 378 S.W.2d 318, cited by appellant, are sale of beer in dry area cases where there were notations on the bottles admitted in evidence regarding the persons from whom the purchases were made and the prices paid for such purchases. Patently, the instant case, where only the initials of the officer were placed on the evidence is distinguishable. In Watkins v. State, 165 Tex.Cr.R. 20, 302 S.W.2d 435, this court recommended "that ordinarily the identifying label placed upon evidence seized state no more than the name of the accused, the date, and the officer's initials." No error is shown.

Appellant contends that the court erred in admitting State's exhibits over objection that such exhibits had not been traced from time of inception until they were received by the chemist in Austin.

■ Appellant argues that a break in the chain of custody occurred when the package containing a baggie of substance was picked up at the post office in Austin

by a clerk unknown to chemist Smith and delivered to the Department of Public Safety, where Smith made an analysis of same. This court, in the recent case of Kilburn v. State, Tex.Cr.App., 490 S.W.2d 551, rejected an identical argument that the chain of custody was broken when an unknown mail clerk picked up an exhibit at the post office in Austin and delivered same to the Department of Public Safety. Unlike Easley v. State, Tex.Cr.App., 472 S.W.2d 128, relied on by appellant, the evidence in this case reflects that the officer who placed the exhibits in the mail was able to identify them, the chemist who received the exhibits in Austin testified that the package had not been opened and the evidence was received by the laboratory to which it was addressed. In *Easley*, the evidence was mailed to the D.P.S. in Austin and ultimately reached a chemist in Dallas who could not testify that the envelope containing the evidence had not been opened. Further, the officer in *Easley* who mailed the exhibits could not identify the container or its contents.

The evidence shows a chain of custody sufficient for its admission. Kilburn v. State, supra; Mitchell v. State, Tex.Cr. App., 488 S.W.2d 786; Witt v. State, Tex. Cr.App., 475 S.W.2d 259.

■ Appellant contends the court erred in overruling his motion for a mistrial because of comments of the court on the evidence.

Witness Price testified that he knew appellant's reputation in the community in which he resides for truth and veracity and that such reputation was good. On cross-examination, Price stated that he was basing his testimony on what he personally knew from having had dealings with appellant, "on what I think" and not "on what the community thinks." The prosecutor made a motion that the court instruct the jury not to consider Price's testimony and the record reflects that the court made the following statement:

"Oh, its already in. I will permit it to stand for whatever its worth. Actually, I doubt the validity of it. That is all right."

Appellant objected to the court's comment and the court instructed the jury:

"I will withdraw that comment and instruct the jury not to consider anything the Court said for any purpose."

The testimony to which the court's comment was directed was cumulative of other testimony that appellant's reputation for truth and veracity was good.

At least a portion of the court's comment appears to be directed to the admissibility of the testimony rather than a comment on the content of the testimony.

The court promptly instructed the jury not to consider his comment.

In view of the foregoing factors, we conclude that the court's refusal to grant appellant's motion for a mistrial does not require reversal.

■ Appellant contends that the witness Kuykendall was not properly qualified as a character witness and that his testimony was not admissible before the jury.

In response to the prosecutor's question at the penalty stage of the trial, "Do you know his reputation for being a peaceful and law-abiding citizen in this community?" Officer Kuykendall answered, "No, sir." Then, the prosecutor asked, "Did you say you did know it or you did not know it?" and Kuydendall answered, "I know his reputation." Kuykendall further testified that he knew appellant's reputation for being a peaceful and law-abiding citizen and that it was bad.

On cross-examination the following occurred:

"Q. Now, you are testifying from your personal knowledge and not what the people in the community think, aren't you?

"A. Well, my personal knowledge and what I hear, what the general feeling is."

A review of the foregoing testimony reflects that the witness was qualified to testify and we reject appellant's contention that the court erred in admitting his testimony.

 Appellant's next contention is directed to the testimony of Levelland Chief of Police Johnson at the penalty stage of the trial.

The record reflects that the only objection voiced to the testimony of Johnson was "Our objection goes to this too, Your Honor."

Such an objection does not specify or identify any reason or ground and is not sufficient to preserve the claim of error for review. Breeden v. State, Tex.Cr. App., 438 S.W.2d 105; Verret v. State, Tex.Cr.App., 470 S.W.2d 883.

In appellant's last two contentions, complaint is made of the court sustaining the State's objections to questions concerning recommendation of probation for appellant and whether appellant could live up to probation.

The record reflects that the court sustained objections to the questions:

" . . . could you recommend to this jury that he have probation in this case that he has been convicted in?" and

"Do you think that if he gets probation he would live up to it?"

The questions were not prefaced with what conditions or terms might possibly be imposed. The question covering appellant's ability to comply with probationary terms is conjectural at best. Miller v. State, Tex.Cr.App., 442 S.W.2d 340.

No error is shown in the court sustaining the State's objections.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.