TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-03-00758-CR






Isidro Hernandez, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NO. 54,503, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 A jury convicted Isidro Hernandez of two counts of aggravated sexual assault of a
child and two counts of sexual assault of a child. Tex. Pen. Code Ann. §§ 22.011, .021 (West Supp.
2004). The jury sentenced him to life imprisonment and a fine of $10,000 for each of the counts of
aggravated sexual assault and twenty years' imprisonment and a fine of $10,000 for the sexual
assault counts. Hernandez challenges both his conviction and sentence. He contends that the trial
court erred by admitting evidence of a co-defendant's guilty plea and sentence, that an instruction
to the jury was an improper comment on the weight of the evidence, that records of a prior
conviction for sexual assault of a child were erroneously admitted at the punishment phase, and that
the trial court improperly cumulated his sentences. We affirm the convictions but remand for
resentencing because the State failed to prove that Hernandez was the person named in the records
of the prior sexual assault conviction introduced at punishment.

FACTUAL AND PROCEDURAL BACKGROUND Hernandez was tried in December 2003 for the sexual assault of L.J., the daughter of
his girlfriend Letha Howell. He began living with Howell and her children in 1993. At that time, 
L.J. was nine years old. Hernandez admitted in a written statement given to the police and in his
testimony at trial that he had sex with L.J. while she was a minor. DNA testing revealed that
Hernandez was the father of L.J.'s two children, born when L.J. was 15 and 16 years old. The
primary issue at trial was the frequency of Hernandez's abuse of L.J. and when the abuse began. 
This dispute controlled whether Hernandez's conduct represented sexual assault or aggravated sexual
assault. Compare Tex. Pen. Code Ann. 22.011(c)(1) with Tex. Pen. Code Ann. 22.021(a)(2)(B).

 L.J. first reported Hernandez's abuse when she fled her home at age 17 and went to
the Families in Crisis shelter. Bell County Sheriff's Department investigator Bubba Moffet
interviewed her and then spoke with Hernandez. Hernandez gave Moffet a written statement in
which he admitted having sex with L.J. only two times "about four years ago." L.J. testified about
Hernandez's extensive abuse. She testified that soon after Hernandez moved in with the family, he
began touching her breasts and vagina. L.J. stated that, at age 12, her mother told her that she was
going to let Hernandez have sex with her. She said that she initially resisted Hernandez's attempts
to have intercourse, but eventually she tired of fighting and "just let it happen." She reported that
she was 13 years old when she first had sexual intercourse with Hernandez and that they had sex
over two dozen times that year. The abuse continued through the years until she left home at age 17. 
Hernandez testified in his own defense and gave a somewhat different account of his abuse of L.J. 
Hernandez denied molesting L.J. from the age of 9 until 14, but admitted sexually assaulting L.J.
several times when she was between the ages of 14 and 17. 

 The jury convicted Hernandez of two counts of aggravated sexual assault and two
counts sexual assault. At the punishment phase of the trial, the State introduced records from
Hernandez's California conviction for sexual assault of a child over the objection of the defense. 
L.J. testified to the negative effects of the abuse on her life. Howell's other daughter Olita Foster
testified that Hernandez is manipulative and that she did not believe that Hernandez could ever be
trusted out in the community or with another child. The jury returned the maximum sentence on all
counts. 


DISCUSSION

 In his first two issues, Hernandez challenges his conviction contending that the trial
court improperly admitted evidence that Howell pleaded guilty to abusing L.J. and was sentenced
to twenty years' imprisonment. He challenges a section of the jury charge as an improper judicial
comment on the evidence in his third issue. In his fourth and fifth issues Hernandez challenges the
admission of records of his prior conviction for sexual assault of a child contending that he was not
given proper notice and that the State failed to prove that he was the person named in those records. 
In his sixth issue Hernandez contends that the trial court improperly cumulated his sentences.


Howell's Guilty Plea and Sentence

 Hernandez complains in his first and second issues that the trial court erred by
allowing the introduction of evidence that his co-defendant Howell pleaded guilty to abusing L.J.
and was sentenced to twenty years' imprisonment. The state introduced this evidence first through
a letter written by Hernandez to L.J. from jail while he was awaiting trial. The letter was a plea to
L.J. to change her story regarding the sexual abuse for her mother's sake. It detailed a list of physical
and emotional problems that Howell was suffering, and stated that Howell had been sentenced to
twenty years in prison, that she would have to serve at least ten before she was released on parole,
and that she would then have to register as a sex offender. Hernandez then asked L.J. to change her
story:

 

All you have to do is talk to my attorney and tell him all this was a big mistake. Tell
him that you filed charges on us, so we couldn't take the babies away from you. Tell
him that I was fixing to file charges on you for leaving the babies behind with us all
the time. So you just decided to file first. Just tell him none of this is true. Tell him
that you'r[e] still in love with me. Tell him we talked marriage at one time for the
kids sake, that way they could have the same last name, but I changed my mind, and
that pissed you off too. Tell him yes, we tried a few times to have sex, but I was too
drunk to perform. Tell him that you wanted me, but I just didn't have the go for it. 
This is not l[y]ing, just bending the truth a little bit. 



The State asked L.J. about the letter and confirmed that Howell pleaded guilty to aggravated sexual
assault by letting Hernandez have sex with L.J. when she was thirteen years old. The State also
confirmed with L.J. that Howell received a twenty-year sentence. Hernandez first objected to the
introduction of the letter and again objected to the line of questioning highlighting Howell's guilty
plea and sentence. 

 The State later sought to cross examine Hernandez on the issue of Howell's guilty
plea. The matter was discussed outside of the presence of the jury and the trial court sustained
Hernandez's objection to the line of questioning. During the State's cross examination, however, 
the State asked about Howell's twenty-year sentence. Hernandez denied that Howell was guilty of
sexual assault, and the State responded by asking if it would surprise him that Howell pleaded guilty
to the offense. The trial court overruled Hernandez's objection to this question. 

 Generally, evidence of a non-testifying co-defendant's guilty plea and sentence is
inadmissible. See Miller v. State, 741 S.W.2d 382, 389 (Tex. Crim. App. 1987); Rodriguez v. State,
552 S.W.2d 451, 454-55 (Tex. Crim. App. 1977); Torres v. State, 92 S.W.3d 911, 918 (Tex.
App.--Houston [14th Dist.] 2002, pet. ref'd); Morales v. State, 11 S.W.3d 460, 465-66 (Tex.
App.--El Paso 2000, pet. ref'd); Beasley v. State, 838 S.W.2d 695, 703 (Tex. App.--Dallas 1992,
pet. ref'd) ("Ordinarily, the disposition of a case against codefendants never becomes admissible in
the trial of another codefendant."). 


 The letter


 The first introduction of the disposition of the State's aggravated sexual assault case
against Howell came through the introduction of Hernandez's letter to L.J. Although segments of
the letter were admissible, the introduction of its entire contents was error. 

 The State presented this letter as evidence of Hernandez's consciousness of guilt. The
efforts of an accused to persuade a witness to testify falsely are admissible as proof of his
consciousness of guilt. Hayward v. State, 117 S.W.3d 5, 10 (Tex. App.--Houston [14th Dist.] 2002,
no pet.); Torres v. State, 794 S.W.2d 596, 598-99 (Tex. App.--Austin 1990, no pet.). The portion
of the letter in which Hernandez asks L.J. to "bend the truth" was unquestionably evidence of his
consciousness of guilt and therefore admissible. 

 The letter also contained the inadmissible fact that Howell had been convicted and
received a twenty-year sentence. See Miller, 741 S.W.2d at 389. When a document contains both
admissible and inadmissible statements, it is incumbent upon the proponent of the evidence to
segregate the admissible from the excludable. Willover v. State, 70 S.W.3d 841, 847 (Tex. Crim.
App. 2002); Jones v. State, 843 S.W.2d 487, 492-93 (Tex. Crim. App. 1992), overruled on other
grounds by Maxwell v. State, 48 S.W.3d 196 (Tex. Crim. App. 2001). 

 At trial, the State resisted redacting the letter arguing that the information about
Howell's sentence was necessary for the jury to understand how Hernandez was trying to influence
L.J. The State also contended that Hernandez had opened the door to the information when he asked
investigator Moffet on cross examination if a warrant had been issued for Howell. After reviewing
the letter in its entirety, we do not agree that the small portion of the letter referring to Howell's
sentence and parole eligibility was necessary for the letter to demonstrate consciousness of guilt. 
It is the fact that Hernandez sought to have L.J. testify falsely, not the manner in which he did so,
that is relevant to his consciousness of guilt. See Torres, 794 S.W.2d at 598-99. Furthermore, the
letter contained numerous statements about Howell's poor emotional and physical health that could
have provided context without admitting the prejudicial information regarding Howell's sentence. 
 The question asked to investigator Moffet about whether an arrest warrant was issued
for Howell also did not open the door to the admission of Howell's conviction and sentence. The
State may offer otherwise inadmissible evidence to "complete the picture" when a defendant has
presented an incomplete picture of an incident. Fuentes v. State, 991 S.W.2d 267, 279 (Tex. Crim.
App. 1999). The admission of otherwise inadmissible evidence is limited, however, to evidence
germane to the subject opened by the defendant and by rule of evidence 403's requirement that its
probative value not be substantially outweighed by its prejudicial effect. Id. Although the State
would have been entitled to complete the picture by eliciting evidence that Howell was also charged
with aggravated sexual assault, her conviction and sentence were beyond the scope of the original
questioning. We therefore hold that the trial court erred by admitting Hernandez's unredacted letter
containing the statement that Howell had been convicted and sentenced to twenty years'
imprisonment.


 Other mentions of Howell's guilty plea


 The State again elicited the fact that Howell pleaded guilty to aggravated sexual
assault and was sentenced to twenty years in its direct examination of L.J. Hernandez objected to
this line of questioning citing the prior discussion of the admissibility of Howell's guilty plea. The
State offered no specific explanation for why this information was admissible. The trial court first
instructed counsel to "move on." Upon request, the trial court overruled Hernandez's objection. As
explained above, the information regarding Howell's guilty plea was inadmissible and the trial court
erred by overruling Hernandez's objection. See Miller, 741 S.W.2d at 389. 

 The State also introduced Howell's guilty plea in its cross examination of Hernandez. 
Over Hernandez's objection, the state asked Hernandez if he wanted L.J. to "feel sorry for her
mother that she's doing 20 years for a sexual offense." When Hernandez responded that Howell was
innocent, the State asked if it would surprise Hernandez that Howell had pleaded guilty. The trial
court again overruled Hernandez's objection to this line of questioning. 

 The State contends that this second mention of Howell's conviction and guilty plea
was proper because the State was entitled to challenge the credibility of Hernandez's claim that
Howell was not guilty. A party is permitted to question a witness on collateral matters in order to
impeach the witnesses's credibility by contradicting the substance of his testimony. See Tex. R.
Evid. 607; Cantu v. State, 939 S.W.2d 627, 635 (Tex. Crim. App. 1997). 

 In this case, however, the State elicited Hernandez's response that Howell was not
guilty through an improper question about Howell's twenty-year sentence. A witness may not be
impeached through cross-examination on a collateral matter raised by that cross-examination. See
Shipman v. State, 604 S.W.2d 182, 183-84 (Tex. Crim. App. 1980). We therefore determine that the
trial court erred by overruling Hernandez's objection to this line of cross examination. 


 Harm


 Error in the admission of evidence is subject to a harm analysis under rule 44.2(b) of
the rules of appellate procedure. See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App.
1998). A violation of the evidentiary rules that results in the erroneous admission of evidence is
nonconstitutional error. See King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); Tate v.
State, 988 S.W.2d 887, 890 (Tex. App.--Austin 1999, pet. ref'd). Any nonconstitutional error "that
does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). A substantial right
is affected when the error had a substantial and injurious effect or influence in determining the jury's
verdict. See King, 953 S.W.2d at 271. A criminal conviction should not be overturned for
nonconstitutional error if the appellate court, after examining the record as a whole, has fair
assurance that the error did not influence the jury, or had but slight effect. See Johnson, 967 S.W.2d
at 417. 

 The prejudicial impact of the improper admission of Howell's guilty plea and
sentence was that the jury could infer that, because Howell pleaded guilty, Hernandez must also be
guilty. Hernandez admitted sexually assaulting L.J. at trial, however. The only dispute was when
the abuse began. The State did not elicit details in Howell's judicial confession or other information
that directly contradicted Hernandez's testimony. Because Hernandez admitted abusing L.J., we
cannot conclude that the improper admission of Howell's guilty plea and sentence affected
Hernandez's substantial rights. See Tex. R. App. P. 44.2(b); Johnson, 967 S.W.2d at 417. 


Charge Error


 In his third issue, Hernandez contends that the jury charge was an improper judicial
comment on the evidence. Prior to the reading of the charge to the jury, Hernandez objected to a
paragraph instructing the jury:


A conviction of Aggravated Sexual Assault of a Child is supportable on the
uncorroborated testimony of the victim of the sexual offense if the victim informed
any person, other than the defendant, of the alleged offense within one year after the 
date on which the offense is alleged to have occurred. The requirement that the
victim inform another person of an alleged offense does not apply if the victim was
younger than 18 years of age at the time of the alleged offense.



Hernandez objected to the charge because it was "completely irrelevant" to the case. By its
language, the instruction did not apply to L.J. as she was under the age of eighteen at the time of the
offense. 

 Furthermore, the language of this instruction was taken from article 38.07 of the code
of criminal procedure. Article 38.07 is a rule governing a court's review of the sufficiency of the
evidence to support a conviction, rather than a rule concerning the competency or admissibility of
evidence. Carmell v. Texas, 529 U.S. 513, 518 n.2 (2000); see Tex. Code Crim. Proc. Ann. art.
38.07 (West Supp. 2004). Article 38.07 is inapplicable and a jury instruction is unnecessary when
the victim's testimony is corroborated or the victim was under the age of eighteen at the time of the
offense. See Golden v. State, 762 S.W.2d 630, 632 (Tex. App.--Texarkana 1988, pet. ref'd);
Willmeth v. State, 629 S.W.2d 218, 219-20 (Tex. App.--Dallas 1982, pet. ref'd); Gray v. State, 726
S.W.2d 640, 644 (Tex. App.--Fort Worth 1987, no pet.).


 Improper comment on the evidence


 The Waco court of appeals has found a similar instruction to be an improper comment
on the weight of the evidence. See Loredo v. State, 32 S.W.3d 348, 353 (Tex. App.--Waco 2000,
pet. ref'd); Veteto v. State, 8 S.W.3d 805, 816 (Tex. App.--Waco 2000, no pet.). In Veteto, the jury
was instructed that the eleven-year-old victim's testimony "alone, if believed by you beyond a
reasonable doubt, need not be supported by other evidence before a finding of guilt can be returned." 
8 S.W.3d at 816. The court explained that this charge was an improper judicial comment on the
evidence because it singled out the victim's testimony as sufficient to sustain a conviction. See id. 
(citing Lemasters v. State, 297 S.W.2d 170, 171 (Tex. Crim. App. 1956)). 

 As in Veteto, the objected to instruction in this case improperly singled out the
victim's testimony and informed the jury that it did not need to be corroborated. We agree that this
was a judicial comment on the weight of the evidence and it was error to so charge the jury. See
Loredo, 32 S.W.3d at 353; Veteto, 8 S.W.3d at 816; Lemasters, 297 S.W.2d at 171.


 Harm


 Because Hernandez objected to the erroneous portion of the jury charge, we will
reverse the conviction if the error was calculated to injure the rights of defendant, "which means no
more than that there must be some harm to the accused from the error." Brown v. State, 122 S.W.3d
794, 803 (Tex. Crim. App. 2003); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). 
The instruction in this case informed the jury that they were permitted to convict Hernandez based
on the uncorroborated testimony of L.J. alone. This was a comment on the weight of the evidence
because it singled out a victim's uncorroborated testimony. Had the prosecution rested its case
solely upon L.J.'s testimony that Hernandez had abused her, the instruction would clearly have
created some harm because it would have singled out L.J.'s uncorroborated testimony as sufficient
to convict. See Veteto, 8 S.W.3d at 808-09 (child victim's uncorroborated testimony only evidence
of abuse). 

 Here, L.J.'s testimony was corroborated by Hernandez's admissions of guilt and DNA
testing revealing that Hernandez is the father of L.J.'s two children. See Zule v. State, 802 S.W.2d
28, 32-33 (Tex. App.--Corpus Christi 1990, pet. ref'd) ("It is not necessary that the corroborative
evidence provide independent evidence of guilt sufficient to support the conviction."). As such, the
instruction guided the jury's consideration only in a factual scenario that was not before them. 
Viewing the instruction in light of the record, the jury would have found it inapplicable to the facts. 
See Luquis v. State, 72 S.W.3d 355, 366 (Tex. Crim. App. 2002) ("we assume that the jury followed
the instructions as given"). Because the instruction commented on the weight of evidence that was
not presented at trial, we hold that it was harmless. 


Prior Conviction

 At the punishment phase of the trial, the State presented court records from California
reflecting that an Isidro Hernandez was convicted of the sexual assault of a minor in 1974. Other
records from the 1974 sexual assault including a police report that described the assault and
contained identifying information such as Hernandez's date of birth, Texas address, and familial
relationship to the victim, were made part of the record, but were not offered or admitted into
evidence. Hernandez objected to the introduction of the records because he had not received proper
notice and the State failed to show that Hernandez was the person named in the records. The trial
court admitted the records. 

 In his fourth issue, Hernandez contends that the trial court erred by admitting the
records of the prior sexual assault because the State did not connect him to the conviction. Although
a judgment of a prior conviction is admissible in determining punishment, the State must prove that
the defendant is the person so previously convicted. See Beck v. State, 719 S.W.2d 205, 210 (Tex.
Crim. App. 1986). A prior conviction may be proven by certified copies of a judgment and sentence
and authenticated copies of records from the Texas Department of Corrections or other correctional
institution, including fingerprints, supported by expert testimony matching them to the defendant. 
Littles v. State, 726 S.W.2d 26, 28 (Tex. Crim. App. 1984); Zimmer v. State, 989 S.W.2d 48, 50
(Tex. App.--San Antonio 1998, pet. ref'd). The State may also offer: (1) testimony from a witness
who personally knows the defendant and the fact of his prior conviction; (2) the defendant's
stipulations or judicial admissions; or (3) the defendant's photograph in a penitentiary packet or other
official record. Littles, 726 S.W.2d at 31; Daniel v. State, 585 S.W.2d 688, 690-91 (Tex. Crim. App.
1979); Zimmer, 989 S.W.2d at 50. 

 Here, the State offered records of a prior conviction bearing the name Isidro
Hernandez as State's exhibit 6. There was no other identifying information in these records. 
Although other identifying information was contained in State's exhibit 6A, that exhibit was not
admitted into evidence. Because the State did not prove that the Isidro Hernandez named in the
California prior conviction was actually the defendant, it was error to admit the records. See Daniel
v. State, 585 S.W.2d at 692.

 Because the error in admitting the records of the prior conviction was not
constitutional error, we will reverse the jury's sentence only if the error had a substantial and
injurious effect or influence in determining the jury's verdict. See Tex. R. App. P. 44.2(b); King,
953 S.W.2d at 271. The evidence presented by the State at the punishment phase of the trial
consisted of the records of the California sexual assault, a brief description by L.J. of the negative
effect of Hernandez's abuse on her life, and the opinion of L.J.'s sister Olita Foster that Hernandez
is manipulative and should not be trusted in the community or with children. Hernandez's prior
conviction for sexually assaulting a child was clearly the most important piece of evidence in the
State's case on punishment. We conclude that the error in admitting the records of prior sexual
assault conviction had a substantial and injurious effect or influence in determining the jury's
verdict. See Tex. R. App. P. 44.2(b); King, 953 S.W.2d at 271. We therefore reverse that portion
of the judgment imposing sentence and remand the cause for a new punishment hearing.

 Because we reverse the portion of the judgment imposing sentence on the grounds
that the State failed to connect Hernandez to the prior conviction introduced at the punishment phase,
we need not reach Hernandez's other issues regarding notice of the prior conviction and cumulation
of sentence.


CONCLUSION

 We affirm the finding of guilt, but reverse that portion of the judgment imposing
sentence and remand the case for a new punishment hearing. See Tex. Code Crim. Proc. art.
44.29(b) (West Supp. 2004).



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed in Part; Reversed and Remanded in Part

Filed: September 23, 2004

Do Not Publish