**Brenda Gail (Perry) ANDREWS, Appellant,**

**v.**

**STATE of Texas Appellee.**

**No. 11–87–192–CR.**

Court of Appeals of Texas, Eastland.

July 20, 1989.

Leslie Vance, Eastland, for appellant.

Bill B. Hart, Sp. Prosecutor, Eastland, for appellee.

## OPINION

McCLOUD, Chief Justice.

The jury convicted appellant of the offense of engaging in organized criminal

activity involving the murder of Debra Jo Garcia and assessed her punishment at confinement in the Texas Department of Corrections for 33 years. We affirm.

Appellant contends that the trial court erred in failing to compel specific performance of a prior plea bargain agreement. We disagree.

Appellant was originally indicted in Cause No. 15,008 for capital murder. TEX. PENAL CODE ANN. sec. 19.03 (Vernon 1989). The offense was later reduced to murder. TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1989). Pursuant to a plea bargain agreement, appellant entered a plea of nolo contendere to the "lesser included offense" of "criminal conspiracy." TEX.PENAL CODE ANN. sec. 15.02 (Vernon 1974). Appellant stipulated that she "did agree mutually to aid and abet Charles Leflore and Thomas Leflore *in the flight and secreting of the body of Debra Jo Garcia.*" (Emphasis added) In exchange for her plea, the district attorney agreed that "there would be no further criminal activity or prosecution made against" appellant, and punishment was assessed at ten years probation. Later, a special prosecutor was appointed. Appellant was subsequently indicted and convicted pursuant to TEX.PENAL CODE ANN. sec. 71.02 (Vernon 1989) of engaging in organized criminal activity in combination with Charles Allen Leflore, Thomas Leflore, Elizabeth Ann (Perry) Peacock Shaw, Cindy (Shirley) Boling, Richard Edward Hinton, Joe Thomas Perry a/k/a Joe Perry, Sr., and Pat Dwayne Starr a/k/a Pat Ingram. This is the case on appeal.

■ The State argues, through its special prosecutor, that criminal conspiracy is not a lesser included offense of murder. Therefore, the trial court had no jurisdiction to accept appellant's plea of nolo contendere, and the original judgment is void. We agree.

Appellant was charged with murder at the time the plea bargain agreement was made. She stipulated that she conspired to aid and abet in "the flight" and the "secreting" of the body of the victim. In light of the offense charged and the facts stipu-lated, criminal conspiracy was not a lesser included offense of murder. *Cunningham v. State,* 726 S.W.2d 151 (Tex.Cr.App.1987). See also *Goodin v. State,* 726 S.W.2d 956 (Tex.App.—Fort Worth 1987), *affirmed,* 750 S.W.2d 789 (Tex.Cr.App.1988). Therefore, the trial court had no jurisdiction to enter a conviction for criminal conspiracy. *Sample v. State,* 629 S.W.2d 86 (Tex.App. —Dallas 1981, no pet'n).

We recently held in the case of *Gibson v. State,* 769 S.W.2d 706 (Tex.App.—Eastland 1989, pet'n pending), that a plea bargain agreement based on a void indictment is unenforceable. In the present case, we hold that a plea bargain agreement based on an offense not before the trial court is unenforceable. This point is overruled.

■ Appellant next contends that the doctrine of collateral estoppel bars the prosecution for organized criminal activity. We disagree.

In *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the United States Supreme Court defined collateral estoppel as:

> [W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.... Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Sealfon v. United States,* 332 U.S. 575, 579, 92 L.Ed. 180, 184, 68 S.Ct. 237 [239].

The doctrine of collateral estoppel bars the relitigation of the same factual issues. *Ashe v. Swenson,* supra; *Dedrick v. State,* 623 S.W.2d 332 (Tex.Cr.App.1981); *Bradley v. State,* 478 S.W.2d 527 (Tex.Cr.App.

1972); *Shaffer v. State*, 477 S.W.2d 873 (Tex.Cr.App.1971).

The doctrine of collateral estoppel is not applicable to the present case. The trial court lacked jurisdiction to enter the conviction for criminal conspiracy; therefore, there is no valid, prior judgment. Further, the facts proved in the first conviction (aiding the flight and the secreting of the body) are not the same facts litigated in the present case (engaging in organized criminal activity in the murder of the victim). This point is overruled.

Appellant next complains that the trial court erred by refusing to instruct the jury concerning "collateral estoppel and to compel the State to specifically perform its plea agreement." In light of our previous holding that the plea bargain agreement was unenforceable and that the doctrine of collateral estoppel does not apply to this case, the trial court did not err when it refused appellant's requested instruction. This point is overruled.

■ In Paragraph XIII of the charge, the trial court defined accomplice and instructed the jury on the law concerning accomplice testimony. The trial court further instructed the jury concerning Elizabeth Ann (Perry) Peacock Shaw[1] as follows:

> You are further instructed that Elizabeth Ann (Perry) Peacock Shaw, being under 15 years of age, if she so was, on November 29, 1981, could not be a principal offender subject to prosecution, and could not be an accomplice. Evidence, if any, coming from Elizabeth Ann (Perry) Peacock Shaw, if any, need not be corroborated.

Shaw was not indicted and did not testify; however, she was named in the indictment as a member of the combination. Mae Lavon McCoy testified about statements Shaw made to her concerning appellant's involvement in the murder.

At trial, appellant objected to the instruction on the ground that it was a "comment on the weight of the evidence" by the court. Appellant did not specify as to how or why it was an improper comment by the court. Appellant urges that the court erred in overruling her objection. Appellant argues that the court improperly commented on the weight of the evidence by singling out the hearsay testimony of McCoy as to statements made to McCoy by Shaw, who did not testify. Appellant's argument on appeal specifically points out why she contends the instruction constitutes an improper comment by the court. However, appellant's trial court objection was general, not specific, and merely stated that the instruction was a "comment on the weight of the evidence by the court."

Generally, an objection that an instruction constitutes a comment on the weight of the evidence is too general. *Harrington v. State*, 424 S.W.2d 237 (Tex.Cr.App.1968); *James v. State*, 418 S.W.2d 513 (Tex.Cr.App.1967); *Rymer v. State*, 171 Tex.Crim. 656, 353 S.W.2d 35 (1962).

Appellant cites *Lemasters v. State*, 164 Tex.Crim. 108, 297 S.W.2d 170 (1957), to support her position. *Lemasters* is factually distinguishable. In *Lemasters*, the Court stated that:

> Various objections were levelled at this charge, chief among which was that it was a charge upon the weight of the evidence and tantamount to an instruction to convict upon Hawes' testimony.
>
> It is apparent that the charge had the force and effect of an instruction that a conviction might be had upon Hawes' testimony. In other words, the trial court singled out the testimony of one witness in the case and instructed the jury to convict if they believed the testimony of that witness.

As the Court in *Lemasters* noted, the objection was that the charge was a comment on the weight of the evidence because it was tantamount to an instruction to convict upon "Hawes' testimony." The objection in *Lemasters* was distinct and specific.

---

**1.** The record reflects that Shaw was 14 years old at the time the offense was committed. Under Texas Law, Shaw could not be prosecuted for this offense or be an accomplice witness. TEX.

PENAL CODE ANN. sec. 8.07(a) (Vernon Supp. 1989); *Villarreal v. State*, 708 S.W.2d 845 (Tex. Cr.App.1986); McCLUNG, Jury Charges for Texas Criminal Practice pg. 227 (Rev. ed. 1985).

Appellant's trial objection did not "distinctly specify" her ground; therefore, this point presents nothing for review on appeal. TEX.CODE CRIM.PRO.ANN. art. 36.14 (Vernon Supp.1989); *Pennington v. State,* 697 S.W.2d 387 (Tex.Cr.App.1985). The point is overruled.

In her final point of error, appellant challenges the trial court's failure to grant her motion for instructed verdict because the State failed to corroborate accomplice testimony. Appellant has not properly briefed this point of error under TEX.R.APP.P. 74 but instead challenges "[a]ll of the testimony by the State's witnesses." We note that Raeanna Kearney testified as to statements appellant made to her concerning appellant's involvement in the victim's murder. In addition, McCoy testified concerning what Shaw told her about the murder and appellant's participation. This point of error is overruled.

The judgment of the trial court is affirmed.