NO. 07-00-0163-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 25, 2001

______________________________

RONALD COLEMAN,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 242nd DISTRICT COURT OF HALE COUNTY;

NO. 13322-9902; HON. ED SELF, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Ronald Coleman appeals from a final judgment adjudicating him guilty of “Indecency with a Child”, “2
nd
 Degree”.  Through his sole point of error, he contends that the trial court “did not have jurisdiction to find ‘the evidence is sufficient for a finding of guilt’ at the . . . plea hearing and place [him] on community supervision after the State elected to proceed as to an offense of indecency with a child by exposure . . . .”  We reverse and remand.

Background
(footnote: 1) 

The State, through its indictment, accused appellant of “intentionally and knowingly engag[ing] in sexual conatact [sic] with Kristian Taylor by touching the anus and genitals of Kristian Taylor, a child younger than seventeen (17) and not the spouse of the defendant” while acting “with the intent to arouse or gratify the sexual desire of said defendant.”  As charged, the offense encompassed a violation of §21.11(a)(1) of the Texas Penal Code and constituted a second degree felony.  
Tex. Penal Code Ann
.
 §21.11 (c) (Vernon Supp. 2001).  So too did it come 
within the ambit of art. 42.12, §3g of the Texas Code of Criminal Procedure.
(footnote: 2)   

Subsequently, the parties entered into plea negotiations.  These negotiations resulted in an agreement pursuant to which appellant would plead guilty to the “lesser included offense” of indecency with a child by exposure.  This “lesser included offense” to which he would plead constituted a felony of the third degree, 
Tex. Penal Code Ann
.
 §
 21.11 (c), and fell outside the scope of Texas Code of Criminal Procedure art. 42.12, §3g. 

At the ensuing plea hearing, however, appellant was admonished regarding and initially pled guilty to the second degree felony contained in the indictment.  Thereafter, the trial court asked about the existence of any plea bargains.  At that point, the district attorney informed the court that the “State would elect to proceed under a lesser included of indecent exposure by exposing himself, a third degree felony.”  The court then admonished appellant 
vis-a-vis
 the third degree felony, and in response to those admonishments, appellant pled guilty to the “lesser included offense” as well.

In view of appellant’s plea to the third degree felony and written stipulation of evidence, the trial court concluded that there existed sufficient evidence upon which to find him guilty of the “lesser included offense.”  But, instead of convicting him, it deferred his adjudication of guilt and placed him on community supervision.
(footnote: 3)  Furthermore, the order subsequently executed memorializing the court’s decision reflected that appellant pled guilty to the 
third degree offense
 of “Indecency W / A Child Exposes.”   

In time, the state moved to adjudicate appellant’s guilt for the third degree offense.  After hearing, the trial court granted same and adjudicated him guilty of “the crime charged in the 
indictment
” and assessed punishment at ten years imprisonment and a $1000 fine.  (Emphasis added).  This statement evinced the trial court’s intent to convict appellant not of the third degree felony encompassed in the plea bargain but the second degree, §3g offense, alleged in the indictment.  Moreover, that intent was then memorialized in the court’s ensuing judgment.  There, it recited that the offense for which appellant was convicted was “Indecency with a Child”, “2
nd
 Degree”.
  

Appellant appealed.  His initial appointed counsel filed an 
Anders
 Brief wherein counsel represented that the appeal was frivolous.  Counsel also moved to withdraw.  While conducting our own independent review of the record, 
see Mays v. State
, 904 S.W.2d 920, 926-27 (Tex. App.–Fort Worth 1995, no pet.) (discussing the need for us to do so), we noted the discrepancy between the offense for which appellant was actually convicted and the offense encompassed by the plea bargain.  So too did we note the potential absence of evidence establishing the elements of the “lesser included offense.”  These circumstances caused us concern, given the prior representation that the appeal was frivolous.  Thus, we abated the appeal and remanded it for the appointment of new counsel.  New counsel was appointed and subsequently filed a brief raising the sole point described above.

Law and Its Application
 

As previously stated, appellant contends that the trial court lacked jurisdiction to hold that sufficient evidence existed warranting a finding of guilt 
vis-a-vis
 the lesser included offense.  This was allegedly so because 1) indecency by exposure (§21.11(a)(2) of the Penal Code) was not a lesser included offense of the charge contained in the indictment and 2) there existed no evidence establishing appellant’s guilt for indecency by exposure.  We agree with appellant’s contentions but overrule same due to the absence of harm.

As to the second contention, one is guilty of indecency by exposure if he exposes his anus or genitals with the intent to arouse or gratify someone’s sexual desire while knowing a child is present.  
Tex. Penal Code Ann
.
 §21.11(a)(2).  There is no evidence of record that appellant so acted.  Indeed, the stipulation or admission executed by appellant addressed none of those elements.  Again, it merely contained verbiage applicable to the crime of indecency as defined under §21.11(a)(1).  Nor did any testimony or evidence offered at the plea hearing fill the void.  Appellant was the only witness to testify, and he did little more than acknowledge that he signed the stipulation and executed documents wherein he voluntarily waived various rights.  These circumstances coupled with the truism that a mere plea of guilty is not proof of guilt, 
Tex. Code Crim. Proc. 
art. 1.15; 
Young v. State
, 8 S.W.3d 656, 660-61 (Tex. Crim. App. 2000), leads us to conclude that no evidence existed upon which the trial court could find appellant guilty of indecency by exposure as contemplated under §21.11(a)(2) of the Penal Code.

So too do we conclude that the offense made subject of the plea bargain was not in fact a lesser included offense of the crime alleged in the indictment.  Among other things, a lesser included offense is one established by proof of the same or less than all the facts required to establish the offense charged.  
Tex. Code Crim. Proc
.
 art. 37.09 (1) (Vernon Supp. 2001); 
Schweinle v. State
, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996).  And, whether this test is satisfied depends upon a comparison of the elements of the offense actually charged, the statutory elements of the crime considered to be the lesser included offense, and the evidence presented at trial to prove the charged offense.  
Jacob v. State
, 892 S.W.2d 905, 907-908 (Tex. Crim. App.1995).  If the elements of the lesser crime are functionally the same or less than those of the greater (as alleged in the charging instrument) and the evidence presented at trial establish the lesser crime, only then can the lesser crime be said to be a lesser included offense.  
Id.
  Here, the offense as alleged in the indictment said nothing of appellant exposing his anus or genitals.  Nor did any evidence of record establish that he did so.  Yet, that he did so had to have been shown before appellant could be convicted of indecency by exposure. 
See 
Tex. Penal Code Ann
.
 §21.11(a)(2).  Thus, we cannot say that the crime to which appellant pled guilty was in fact a lesser included offense of the crime charged in the indictment.  

Finally, because the crime was not a lesser included offense, the trial court lacked jurisdiction to convict appellant of same.  
Andrews v. State
, 774 S.W.2d 809, 810 (Tex. App.–Eastland 1989, pet. ref’d.).  Moreover, pleading to the offense could not be the basis of an enforceable plea bargain.  
Id.
  So, the plea agreement at bar was unenforceable, and the trial court could not lawfully make it the basis of its decision to defer adjudication and place him on community supervision.

Yet, we find all of the foregoing harmless.  This is so for two reasons.  First, the trial court did not convict appellant of indecency by exposure under §21.11(a)(2) but rather indecency with a child as defined in §21.11(a)(1).  To the extent that it did anything 
vis-a-vis
 the charge of indecency by exposure, it merely deferred his adjudication of guilt, and such does not constitute a conviction.  
See Watson v. State
, 924 S.W.2d 711, 713 (Tex. Crim. App. 1996) (recognizing that deferring adjudication is not tantamount to a conviction).  So, it cannot be said that appellant was convicted for an offense bereft of legally sufficient evidentiary support.
(footnote: 4)  

Second, we perceive no nexus between 1) the courts placing appellant on community supervision for a crime which he could not be charged with or convicted of and 2) and ultimately convicting him of a crime within its jurisdiction and to which he initially pled guilty.  In other words, the flaw endemic in the first act was rectified when the court ultimately convicted appellant 1) of a crime to which he pled guilty and 2) upon an admission of fact establishing his guilt for that crime.  While it may be that appellant should not have been placed on community supervision for a crime over which the trial court had no jurisdiction, that does not 
ipso facto
 infect the validity of a conviction for a crime over which the court had jurisdiction and undisputed evidence of guilt.      

In sum, we find error but no harm
 vis-a-vis
 the point urged by appellant.  However, that does not end our inquiry.  Other error exists which we feel compelled to address 
sua sponte,
 given the exceptional and unique circumstances of this case and in the interests of justice.
(footnote: 5)   And, that error concerns the voluntariness of appellant’s plea as well as the trial court’s failure to afford appellant opportunity to withdraw same.  As to the former, we established that the plea bargain was unenforceable given the fact that the crime to which appellant agreed to plea did not constitute a lesser included offense of the original charge.  
Andrews v. State
, 
supra
.  Because it was unenforceable, the plea and waiver of rights accompanying it were involuntary as a matter of law.  
Ex parte Austin
, 746 S.W.2d 226, 227 (Tex. Crim. App. 1988) (stating that “where the provision of the plea agreement or bargain later becomes unenforceable, the plea is involuntary”).  

Second, in convicting appellant of indecency under §21.11(a)(1), a §3g offense, rather than §21.11(a)(2), a non-3g offense, the trial court implicitly opted to reject the plea agreement.  Before doing so, however, statute obligated it to inform appellant of its decision and provide him opportunity to withdraw his plea.  
Tex. Code Crim. Proc. Ann
.
 art. 26.13, §26(a)(2).  No such notification and opportunity was afforded appellant.  Consequently, the trial court erred.   And, we conclude that the error was harmful given that the punishment applicable to a §3g offense was greater than that applicable to a non-3g offense.  
See 
Tex. Code Crim. Proc. Ann
.
 art. 42.12, §3g(a)(1)(C) (stating that one convicted of violating §21.11(a)(1) of the Penal Code cannot be granted community supervision); 
Tex. Code Crim. Proc. Ann
.
 art. 37.07, §4(a) (indicating that one convicted of a §3g offense must serve at least one-half of his sentence before becoming eligible for parole).

Accordingly, we reverse the judgment and remand the cause for further proceedings.

Brian Quinn

    Justice

Do not publish.

FOOTNOTES
1:
The background of this case is unique and bears discussion at length
.

2:
According to art. 42.12, §3g of the Texas Code of Criminal Procedure, one convicted of violating 
§21.11(a)(1) of the Penal Code is not entitled to be placed on community supervision.
  
Tex. Code Crim. Proc. Ann
.
 art. 42.12, §3g(a)(1)(C) (Vernon Supp. 2001).  He is also required to serve at least one-half of any prison term levied prior to becoming eligible for parole.  
Id.
 at art. 37.07, §4(a).

3:
The stipulation of evidence executed by appellant and admitted into evidence at the plea hearing encompassed only the charge contained in the indictment.  That is, appellant judicially admitted that “with the intent to arouse or gratify the sexual desire of said defendant, [he] intentionally and knowingly engage[d] in sexual contact with Kristian Taylor by touching the anus and genital of Kristian Taylor, a child younger than 17 . . . and not” his spouse.   Nothing was said about appellant 1) exposing his anus or any part of his genitals, 2) while knowing that a child was present, and 3) with the intent to arouse or gratify the sexual desire of anyone.  Those three indicia comprised the elements of indecency with a child by exposure.  
Tex. Penal Code Ann
.
 §21.11(a)(2) (Vernon Supp. 2001).  

4: 
 
And, to the extent that appellant was not convicted of violating §21.11(a)(2) of the Penal Code, it cannot be said that the utter lack of evidence supporting potential conviction for that offense resurrected any double jeopardy bar.  In those situations wherein reversal due to the insufficiency of the evidence resurrected such a bar, the appellant had been 
convicted 
of the offense which the reviewing court later found to be insufficiently established.  
See e.g., Thornton v. State
, 601 S.W.2d 340 (Tex. Crim. App. 1980).  Here, appellant was not convicted of indecency by exposure under §21.11(a)(2) but of indecency under §21.11(a)(1).  And, as to the latter crime, he stipulated or admitted that he committed each of its elements as alleged in the indictment.  

5:
The unique facts consist of the invalid plea bargain, appellant’s first counsel having represented that the appeal was frivolous pursuant to 
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), our duty to conduct an independent review of the record in 
Anders
 situations, our discovery of the discrepancy made subject of this opinion, and our notification (given our 
Anders
 duties) to appellant’s counsel of the discrepancy.